## BROWN *against* BEMENT and STRONG.

Where *A.* gave a regular bill of sale of three horses to *B.* for the consideration of 210 dollars; and *B.* at the same time gave to *A.* a writing or defeasance, engaging, on the payment of the 210 dollars, to him by *A.* in 14 days, to deliver the horses to *A.* It was held that this was a mortgage of the property, and not a technical pledge, and that *A.* not having paid nor tendered the 210 dollars, within the 14 days, the condition became forfeited, and the mortgagee had an absolute interest in the property, so that *A.* on a subsequent tender of the money to *B.*, and demand of the property and refusal, could not maintain *trover* for it.

'THIS was an action of *trover*, for three horses and a chair. The cause was tried at the *Columbia* circuit, in *September*, 1810, before Mr. Justice *Thompson*.

The plaintiff proved, that he was possessed of the *horses and chair*, and that, afterwards, on the 26th *April*, 1810, he tendered the sum of 283 dollars and 5 cents to *Bement*, one of the defendants, and demanded the horses and chair, who refused to deliver them, and referred the plaintiff to *Strong*, the other defendant. The plaintiff, on the next day, made a tender of the same sum to *Strong*, and demanded the property, but *Strong* refused, saying the horses and chair were in possession of *Bement*.

The defendants then produced in evidence an absolute bill of sale of the horses and chair to the defendants, under the hand and seal of the plaintiff, dated 27th *October*, 1809, for the consideration of 210 dollars and 35 cents. And the plaintiff gave in evidence a writing bearing the same date, executed by the defendants, by which they stipulated, on the payment of 210 dollars and 35 cents to them, by the plaintiff, in 14 days from the date, to deliver to the plaintiff the horses and chair; but if the property was lost in the mean time, they were not to be responsible; nor for any expenses attending the property during that time.

NEW-YORK,
May, 1811.

Brown
v.
Bement.

It was proved, that before the commencement of the suit, *Bement* had told the plaintiff he was willing to return the property which remained, but that one of the horses had been sold. The plaintiff answered, that if they could agree as to the price of the horse sold, that would create no difficulty.

A verdict was found for the plaintiff, by consent, subject to the opinion of the court; and it was agreed that if the plaintiff was entitled to recover the whole property, the verdict should be entered for 438 dollars; but if for the one horse only which had been sold, then the verdict was to be for 85 dollars; and if the court should be of opinion that the plaintiff was not entitled to recover at all, then a judgment of nonsuit was to be entered.

Three points were raised for the consideration of the court. 1. That the writing given by the defendants to the plaintiff made the property a pledge, redeemable at any time.

2. That on tender of the money, the plaintiff's right of action was complete.

3. That the plaintiff was entitled, at least, to recover the value of the horse sold.

*E. Williams*, for the plaintiff.

*Van Buren*, contra.

*Per Curiam.* The plaintiff has not shown a right of action. Here was a complete transfer of the title to the goods in question, with a condition of defeasance, on the payment of 210 dollars and 35 cents, in 14 days. This was a mortgage, not a technical pledge; and all that was said in the case of *Cortelyou* v. *Lansing*, (2 *Caines's Cases in Error*, 200.) respecting the nature and redeemableness of pledges, has no application to the case. The distinction between a pledge and a mortgage of goods was recognised by this court in *Barrow* v. *Paxton.*

NEW-YORK,
May, 1811.

(5 *Johns. Rep.* 258.) A mortgage of goods is a pledge and more; for it is an absolute pledge to become an absolute interest, if not redeemed at the specified time. After the condition forfeited, the mortgagee has an absolute interest in the thing mortgaged; whereas a pawnee has but a special property in the goods to detain them for his security. (2 *Ves.* jun. 378.   1 *Powell on Mort.* 3.) The title of the defendants here became absolute after the 14 days; and though it does not appear whether one of the horses was sold before or after the expiration of the time to redeem, that omission is not material, as no attempt was made, in season, to redeem.

Judgment of nonsuit must, therefore, be entered according to the stipulation in the case.