## CHARLES WEIDNER *against* WILLIAM B. FOSTER.

### IN ERROR.

The record of a judgment, confessed by a tenant to his landlord, is competent evidence to establish the fact, that the relation of landlord and tenant was recognized by the lessee.

A mortgage of a rent charge, is but a security for the debt; and without possession or demand of payment, does not amount to an absolute transfer.

An assignee of a lessee is only liable in respect of his possession, for he bears the burden only, while he enjoys the benefit. But under an absolute assignment, the title and possessory right pass, and the assignee becomes possessed in law. As to actual possession, that must depend upon the nature of the property.

Covenant will lie against an assignee of part of the thing demised.

ERROR to the Common Pleas of Allegheny County.

This was an action of covenant, brought by the defendant in error, to recover from the plaintiff in error, one half year's ground rent of a lot in the city of Pittsburg.

*William B. Foster* being the owner of a lot of ground, on the 17th June, 1814, by an indenture executed between him and

*Robert* and *Thomas Tachaberry*, he demised the same in a perpetual lease unto the said *Robert* and *Thomas* "from the said 17th June, 1814, during the existence of the world," they yielding and paying therefor yearly and every year to the said *William B. Foster*, his heirs or assigns, the rent of $150, in half-yearly payments. On the 1st October, 1814, *Robert* and *Thomas Tachaberry* granted and demised in perpetual lease the one half of said lot to *John Johnston*, he thereby covenanting to pay to the said *Robert* and *Thomas* their heir or assigns the annual rent of $100 payable in half yearly payments. On the 2d March 1816 *Robert* and *Thomas Tachaberry* assigned to *Robert M'Elheny* all their right, title, claim and interest in the other half of said lot; and also the annual rent of $100, which was payable to them out of the half demised to *John Johnston;* he the said *Robert M'Elheny* then covenanting to pay the said yearly rent of $150 unto the said *William B. Foster.* On the 31st December, 1816, *Robert M'Elheny* assigned all his interest in the said half lot, and also his right to the ground rent of $100 per annum, in the other half of said lot, unto *Charles Weidner*, the plaintiff in error, he covenanting thereby with the said *Robert M'Elheny* to pay the said annual rent of $150 to the said *William B. Foster*, his heirs and assigns.

The plaintiff, after having given in evidence the said several deeds, offered in evidence the record of two suits, which had been brought by him against the present defendant, and in one of which *Robert M'Elheny* was also a defendant, for rent in arrear ; and that the defendant had confessed a judgment upon the docket of the alderman. This evidence the defendant objected to; but the objection was over-ruled and exception taken.

It was also in evidence that the part of the lot out of which the rent in arrear was payable, was vacant.

The defendant offered in evidence the record of a mortgage from *Foster* and wife, to the bank of the U. S., dated 12th Feb., 1818, for the rents, issues and profits arising out of the property in question ; and also offered to prove by *Mrs Johnston*, that the bank had been receiving the rents from her (she being in possession of part of the premises, originally rented by *Foster* to *Tachaberry*) for some time previous, and since the date of the mortgage.

The plaintiff objected to this evidence, which was over-ruled by the Court and exception taken by the defendant.

The defendant's counsel requested the Court to charge the jury,

1st. That the privity of estate, as between *Foster* and *Weidner*, was destroyed, by the perpetual lease, made by *Thomas* and *Robert Tachaberry* to *John Johnston*, reserving a rent of $100

(Charles Weidner *v.* William B. Foster.)

per annum, payable to said *Thomas* and *Robert,* which lease was read in evidence on the part of the plaintiff.

2d. That unless the defendant occupied or possessed the property, he is not liable to the plaintiff, either in debt or covenant.

On both these points the opinion of the Court below was against the defendant. Which, together with the receiving and rejecting the evidence, as contained in the first and second bills of exception, were here assigned as error.

*Watson* for plaintiff in error.

The record of the suit before the Alderman should not have been received in evidence; it was not material. *Coe v. Hutton,* 1 *Serg. & Rawle,* 398. *Vankirk v. Clark,* 16 *Serg* & *Rawle,* 291. It was not the best evidence which could have been given, of the facts wished to be established, and therefore error. *Galbraith v. Black,* 4 *Serg.* & *Rawle,* 211. 1 *Stark. Ev.* 190.

The mortgage should have been received in evidence, to shew, that the plaintiff had parted with all interest in the thing for which he sued; and that the bank of the United States alone, had the right to receive the arrears of rent. And the evidence was not objectionable on account of the pleadings; for the plea of payment, in Pennsylvania, will cover every equitable defence, which can be made under a special plea. *Lyon v. Hun. Bank,* 14 *Serg.* & *Rawle,* 285. *Robinson* v. *Eldridge,* 10 *Serg.* & *Rawle,* 142.

There was neither privity of contract, nor of estate, between the parties; and therefore there could be no recovery. 1 *Chit. Plea.* 261. 1 *Strange,* 405. 2 *Esp.* 151.

Possession by the tenant is essential to his liability to pay a rent charge. 2 *Blac. Com.* 40. In all cases it must be laid in the declaration that the defendant is possessed. 1 *Chit. Plea.* 261. *Plea. Ass.* 237. 1 *Saund.* 237. 1 *Wash. Ct. Ct. Rep.* 375.

*Burke* for defendant in error.

It was important to shew, that *Weidner* had accepted *Foster* as his landlord; and stronger evidence of that fact could not be given, than that a claim being made upon him by *Foster,* he confessed judgment for the rent.

The mortgage was a mere security for money, and did not transfer the right or possession in the thing mortgaged: but if it was otherwise competent evidence, it could not have been received from a tenant, to defeat the title of his landlord.

Possession by tenant is not essential to his liability. *Woodfall's Land.* & *Ten.* 348. An assignee of part of the estate, is liable in covenant, for his proportion of the rent. 3 *Com. Dig.* 259,

4

title, *Covenant*, letter *C.* 3. *Douglass*, 461–2, *in note.* 1 *Chit.. Plea.* 88. 3 *Coke*, 22, B. It is not necessary to lay an entry by the lessee or his assignee. 2 *Chit. Plea.* 183.

This action of covenant is rightly brought. 1 *Kunckle* v. *Wynich.*

The opinion of the Court was delivered by

Rogers, J.—We see no error in the admission of the record of the suit for the arrears of rent; for it is evidence that the relation of landlord and tenant was recognized by the lessor and by the assignee; *Foster* by the institution of the suit, and *Weidner* by the confession of judgment.

If it had been proved, that the bank had given the defendant notice, before suit brought, to pay them the rent, then the mortgage would have been material evidence: but in the absence of any proof of the kind, or evidence of objection on the part of the bank, *Foster* had a right to receive the money; and a payment to him will protect the defendant. And this is all he has a right to require, inasmuch as it is not disputed, that the rent is in arrear. A mortgage of a rent charge is but a security for a debt; and, without possession, or demand of payment, does not amount to an absolute transfer. In this particular, I perceive no difference between a mortgage of land, and of a rent charge issuing out of land: the latter partakes of the realty; and whatever may be the authority of *Brown* v. *Bement,* 8 *John.* 96, it matters not, as we conceive it does not affect the principle of this case.

An assignee is only liable in respect of his possession, for he bears the burden only, while he enjoys the benefit. But under an absolute assignment the assignee is liable, before he has taken *actual* possession; for by the assignment, the title and possessory right pass, and the assignee becomes possessed in law. As to the actual possession, that must depend on the nature of the property; as in the case of waste, unprofitable or vacant ground, or ground intended to be built upon.

A covenant may be assigned and follow the land. It has been ruled, that covenant will lie against an assignee of part of the thing demised. As when two houses are demised, with a covenant on the part of the lessee, for himself and assigns to repair; the lessee assigned one of them; and for not repairing, the lessor brought covenant against the assignee; which action was held well to lie. And this can work no injustice, as the assignee of part is not liable for rent, for the whole, and only while he is legal assignee. *Woodfall's Landlord* & *Tenant,* 348, 349, 350, and the authorities there cited.

Judgment affirmed.