URIAH WINCHESTER *versus* BENJAMIN BALL.

By the common law, a mortgagee of personal property, upon the failure of the mortgager to perform the condition of the mortgage, acquires an absolute title to the chattel.

Under our statute, if the debt secured by the mortgage is not paid, when the time of redemption has expired, the title of the mortgagee becomes absolute.

Acceptance of a part payment of the principal of a note secured by a chattel mortgage, after the expiration of time of redemption, is a waiver of the forfeiture.

And the time for redemption commences to run again from the time when the last partial payment is made and accepted, upon chattel mortgages made prior to the enactment of c. 23, of the Public Laws of 1861.

Chapter 23, of the Public Laws of 1861, is not applicable to chattel mortgages less than $30, and they become forfeited by failure to perform their conditions.

ON EXCEPTIONS.

TROVER by the mortgager against the mortgagee for a mare and three cows. Writ dated Oct. 16, 1864.

The plaintiff introduced a mortgage from himself to the defendant, covering the mare and two of the cows sued for, dated April 24, 1860, given to secure a note for $300, payable in seven months, on the back of which were two indorsements; the latter bearing date January 16, 1862. Likewise, another mortgage from himself to the defendant, covering the other cow, dated January 8, 1862, given to secure a note for $25, payable in sixty days.

*Abraham Sanborn*, called by the plaintiff, testified substantially that, on Sept. 10, 1864, by direction of the plaintiff, he calculated the amount due upon the former note and tendered the amount, $125, to the defendant, in U. S. legal tender notes, who declined to accept it, whereupon the witness demanded the mare and two cows mentioned in the mortgage; but the defendant refused to deliver them.

The plaintiff testified substantially, that on Sept. 12, 1864, he tendered to the defendant $30, in U. S. legal tender notes, as the amount due upon the latter note and mortgage, and demanded the cow referred to in that mortgage, but the defendant declined to accept the money and deliver the cow, — that, after the indorsements upon the $300 note, defendant held a note for $26 against him for which he gave him a new note, — that, on July 15, 1862, defendant cast interest on the $300 note, — that plaintiff gave his note to defendant for $76,86, payable in six weeks, in which was included the interest above mentioned, and the interest as to be indorsed upon the $300 note, but was not, — that paid the $76,86 note seven days after the defendant took mortgaged property by writ of replevin, Sept. 1, 1862,

that the replevin suit was disposed of by nonsuit, but no return ordered,—that, on Sept. 10, 1864, the mare was worth $200,—that defendant sold mare,—that the two cows were worth $50 each, and the last mortgaged cow $75.

Upon this evidence, the presiding Judge ordered a nonsuit, and the plaintiff alleged exceptions.

*A. Sanborn,* for the plaintiff.

The several acceptances of part payment of the note were so many waivers of the forfeiture. *Deming* v. *Comings,* 11 N. H., 474; *Batchelder* v. *Robinson,* 6 N. H., 12; *Quint* v. *Little,* 4 Greenl., 495; *Dexter* v. *Arnold,* 1 Sumner, 109, 118; 1 Washb. on R. Prop., 543, and cases cited, and 591; *Andrews* v. *Senter,* 32 Maine, 398. A demand of payment of balance of a note, long after due, is a waiver of forfeiture of property mortgaged to secure it. *Green* v. *Dingley,* 24 Maine, 137. Counsel also cited *Clark* v. *Cummings,* 5 Barb., 359; *Jackson* v. *Brownson,* 7 Johns., 227; 1 Pars. on Con., 427, and note; *Bowen* v. *Bowen,* 18 Conn., 535.

Acceptance of interest on $300 note, Sept. 8, 1862, was a waiver of forfeiture. This was after commencement of replevin suit. After waiver, demand of balance is essential before breach of condition can obtain again. Condition was to pay on demand. ·Condition cannot be broken so as to work a forfeiture without demand; otherwise, there can be a breach without violation of promise of the mortgager.

*Rowe & Appleton,* for the defendant.

APPLETON, C. J.—The plaintiff, on April 24, 1860, mortgaged to the defendant the mare and two cows in controversy, to secure a note given by him for the sum of three hundred dollars, payable in seven months, which was not paid at maturity.

"A mortgagee of personal property, upon the failure of the mortgager to perform the condition of the mortgage,"

remarks SUTHERLAND, J., in *Langdon* v. *Buel*, 9 Wend., 80, "acquires an absolute title to the chattel. This is well established to be the legal effect and operation of a mort-gage of personal property. *Brown* v. *Bement*, 8 Johns., 96; *Ackley* v. *Finch*, 7 Cowen, 290." Such is held to be the common law in this State. *Flanders* v. *Barstow*, 18 Maine, 357.

By R. S., 1857, c. 91, § 3, a right of redemption is allowed "within sixty days after breach of condition." At the expiration of that time, if the debt secured by the mortgage is not paid, the title of the mortgagee becomes absolute. *Clapp* v. *Glidden*, 39 Maine, 448.

After the defendant's title became absolute, the plaintiff paid a part of the mortgage debt. The mortgagee, by receiving this payment, must be regarded as having waived his strict legal rights. The rights of the parties were the same as if the payment of the note had been thus extended. The mortgagee might redeem within sixty days from the last payment. Neglecting to do that, his equity of redemption was foreclosed. The mortgagee, by waiving a forfeiture, is to be in no worse condition than if his note had become due at the date of the partial payment. In *Flanders* v. *Barstow*, 18 Maine, 357, the mortgagee, by parol, extended the time of payment fifteen or twenty days. "The plaintiff," remarks WESTON, C. J., "having failed to pay the first note, at the time stipulated, was a breach of the condition, if the time had not been enlarged. Being enlarged, the condition was saved, until the extended time had run out." The mortgagee, by receiving the money, did not enlarge the time of payment indefinitely.

The plaintiff's rights are not saved by statute of 1861, c. 23, as by § 8 it is specially provided that "its provisions shall be applicable only to mortgages subsequently executed."

The mortgage of Jan. 6, 1862, given to secure a note of $25, is not within the provisions of the Act of 1861, c. 23,

as that applies only to a " mortgage of personal property to secure the payment of more than thirty dollars." It became forfeited by failure to perform its condition.

*Exceptions overruled.*

KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.