## WOODWORTH vs. MORRIS.

The plaintiff employed a broker to procure a loan, for him, upon stock. The broker applied to the defendant, who refused to make a loan. After informing the plaintiff of such refusal, the broker went a second time to the defendant, who then said he would *buy* the stock. The plaintiff, being told by the broker that the only way he could get the money was to *sell* the stock, said he would sell it. The broker and the plaintiff then went to the defendant's office, and made a sale of the stock to him, and a bill of sale was executed, and the money paid. It was then agreed that if the plaintiff brought the money back in ten days, the defendant would return the stock. The money not being repaid, or tendered, within the ten days; it was *held* that an action would not lie, against the defendant, to recover damages for a conversion of the stock. BRADY, J., dissented.

*Held, also,* that if the transaction was a *pledge,* the defendant was entitled to interest on the loan; unless the agreement was that he would accept the principal without interest, if tendered within the time; and that a tender of the principal, after the day, without offering to pay the interest which had accrued after the day, was insufficient.

The transaction was either a conditional sale, or a mortgage. In neither case could trover be maintained for a failure to return the property, upon a tender being made after the day limited for payment. *Per* GEO. G. BARNARD, J.

To entitle a pledgor to a return of the pledge, he must see to it that his tender covers both principal and interest, before he can claim a return of the pledge.

ACTION against a broker, to recover damages for a conversion of stock.

The plaintiff alleged, in his complaint, that he, on or about the 1st day of February, 1866, borrowed of the defendant, a broker doing business in the city of New York, the sum of $250, and agreed to repay the same in fifteen days from the said 1st day of February, 1866, together with the additional sum of $15 for the use thereof, and as security therefor, assigned and transferred to the said defendant, in pledge, certain stock, to wit, one thousand shares of the capital stock of the Hudson River Slate Company, standing in the plaintiff's name on the books of the said company. That at the maturity of said loan, and also immediately and repeatedly thereafter, the plaintiff

tendered to the defendant the said sum of $250, together with the additional sum of $15 for the use thereof, and that he thereupon demanded the return of the said stock; that the defendant refused to accept the payment of the said sums, and refused to return the stock, but wrongfully detained the same, and converted the same to his own use. The complaint further alleged that the value of said stock was $2500. Wherefore he demanded judgment against the defendant for the sum of $2500, and interest from the said 16th day of February, 1866, besides costs.

The defendant, by his answer, admitted that at the time mentioned in the complaint he was a broker doing business in the city of New York, and that on or about the 16th day of April, 1866, a person on behalf of the plaintiff did offer to pay to the defendant the sum of $250, and demanded the delivery of one thousand shares of the stock of the Hudson River Slate Company, and the defendant refused to accept the same, or to deliver said stock; and the defendant denied each and every allegation in the said complaint contained, not specifically admitted. And for a second and separate defense, the defendant alleged that on or about the 1st day of February, 1866, the plaintiff offered to sell to the defendant, then doing business as a stock broker in the city of New York, one thousand shares of the capital stock of the Hudson River Slate Company, at and for the price of twenty-five cents per share, to be paid to the plaintiff in cash upon that day; that the defendant accepted the said offer, and then and there purchased of and from the plaintiff the said shares of stock, which the plaintiff then and there to him, the said defendant, did duly make over, assign, transfer and deliver, and for which said shares the defendant paid him the sum of $250, which the plaintiff accepted and received as and for a full payment and satisfaction for the aforesaid shares, so by him to the defendant sold and delivered; and that

the defendant was informed and believes, that the shares of stock mentioned in the complaint were the identical shares of stock so sold by the plaintiff to the defendant, and none other.

The action was tried before Justice CLERKE and a jury. On the trial it appeared that the plaintiff, being the owner of one thousand shares of stock in the Hudson River Slate Company, on the 1st of March, 1866, transferred to the defendant the certificate of this stock, with the usual assignment on the back, and in addition thereto, executed a bill of sale of the stock, setting out the price and acknowledging payment. The defendant thereupon paid to the plaintiff $250, and agreed that if the plaintiff would pay back the money within ten days, he would re-assign the stock to him. It was conceded that the money was not paid, or tendered, within the time; and it appeared that the offer to return the money, and the demand of the stock, were not made until after the ten days agreed upon between the parties had expired. The plaintiff testified that it was made the day after the expiration of the ten days, while the defendant swore it was nearly a month. The defendant declined to accept the money or return the stock.

At the close of the testimony the defendant's counsel moved that the complaint be dismissed, upon the grounds that there was no question of fact in the case to go to the jury, for that by the whole evidence as it stood, it was apparent that this transaction was either a conditional sale, with the option to the plaintiff to rescind it by paying back a sum of money within ten days, which had not been done or tendered, or else it was a mortgage, and the defendant was a mortgagee in possession after default made; and in either case an action for the conversion of the property would not lie.

The motion was granted, and the plaintiff excepted.

The plaintiff's counsel moved for permission to go to

the jury on the question whether this was a mortgage, or a pledge, and also whether there was an agreement as to interest.

The motion was denied as to each, and the plaintiff excepted to each.

The court then ordered that the exceptions taken by the plaintiff be heard in the first instance at general term, and that judgment in the meantime be suspended.

*Wheeler H. Peckham,* for the plaintiff.

I. The plaintiff should have been permitted to go to the jury on the question whether the transaction was a pledge. (2 *N. Y. Rep.* 443. 2 *Sandf. Ch.* 143. 4 *John. Ch.* 490. 7 *John.* 69.)

II. Also, as to the agreement for interest, which, if the plaintiff was believed, was usurious, and would sustain the action, even if a mortgage. The mortgage would be void. (5 *Abb. Dig.* 311.)

III. The exceptions should be sustained and a new trial ordered.

*Robert Sewell,* for the defendant.

I. The transaction was a conditional sale of the stock, liable to be defeated by the performance of the obligation of the plaintiff to pay back the purchase money within ten days. Failing to comply with this condition, the sale became absolute. (*Forkner* v. *Stuart,* 6 *Gratt.* 197. *Moss* v. *Green,* 10 *Leigh,* 251.)

II. But if it be held that this was not a sale, to be absolute under certain conditions, it can be taken out of that category only by construing the contract to be a mortgage. (*Barrow* v. *Paxton,* 5 *John.* 258.)

III. The distinction between a mortgage and a pledge is clearly defined. A pledge is a deposit of personal property as security for a loan, the legal title to the pledge remaining in the the pledgor, and the pledgee having only

the right of possession till the debt be paid. A mortgage, on the other hand, is an assignment of the legal title to property to the mortgagee, as security for a debt, which may or may not be accompanied by possession. After default made in the payment of the debt, the mortgagor has no estate in the property mortgaged, except the equity of redemption be called one. The tender of the money after default made, did not re-vest the title in the plaintiff. (*Cortelyou* v. *Lansing*, 2 *Cai. Cas.* 200. *Barrow* v. *Paxton*, 5 *John.* 258. *McLean* v. *Walker*, 10 *id.* 471. 2 *Vesey Jr.* 378. *Post* v. *Arnot*, 2 *Denio*, 344. *Burdick* v. *McVanner*, *Id.* 170. *Brown* v. *Bement*, 8 *John.* 96.)

IV. In some of the modern cases it has been held that the transfer of the title to stock in a company does not of itself make the transaction a mortgage, and the reason is given, that it is impossible so to transfer the possession of stock as to give the pledgee control over it, without passing the legal title. Hence the rule has arisen, that where the transfer of the legal title be requisite to enable the pledgee to hold the actual possession of the pledge, such transfer will not of itself change a pledge into a mortgage. (*Wilson* v. *Little*, 2 *N. Y. Rep.* 443. *Allen* v. *Dykers*, 3 *Hill*, 593. *S. C.*, 7 *id.* 497.)

V. In this case the assignment on the back of the certificate of stock, with power of attorney to transfer, was all that was necessary to give to the defendant the full custody and control of the stock. He asked and obtained more than this—a bill of sale of the stock, in which the price is set forth and receipt of the same acknowledged. This transaction was a mortgage, and not a pledge. (*Barrow* v. *Paxton*, 5 *John.* 258. *Brown* v. *Bement*, 8 *id.* 96.)

VI. It follows, as a necessary result, that if this transaction was a mortgage, the legal title to the property was in the defendant, and an action against him sounding in tort for damages for the conversion of his own stock is an absurdity. The plaintiff's remedy is by an action in the

nature of a bill in equity to redeem. Trover cannot be maintained, without proving property to be in the plaintiff, general or special; but here the plaintiff had neither. (*Hasbrouck* v. *Vandervoort*, 4 *Sand.* 76. *Brown* v. *Bement*, 8 *John.* 96. *Ackley* v. *Finch*, 7 *Cowen*, 290. *Langdon* v. *Buel*, 9 *Wend.* 80. *Burdick* v. *McVanner*, 2 *Denio*, 170.)

VII. It was not error, therefore, in the learned judge to dismiss the complaint. On the conceded facts there is no cause of action.

VIII. The refusal of the judge to allow the question of pledge or mortgage to go to the jury was not error; the question was one of law, on the evidence. Neither was it error to refuse to submit the question as to whether interest was promised to be paid. The question was quite immaterial, as interest is paid for loans on mortgage as well as for loans on pledges. (*Brown* v. *Bement*, 8 *John.* 96.)

INGRAHAM, P. J. The plaintiff's statement of the transaction with the defendant is, that he sent his broker word that he wanted the money, and he got it for him, and he made the agreement with Morris; that the transaction was all completed by the broker, and all he had to do was to give the stock. The broker, Crassous, testified that he was requested by the plaintiff to get a loan; that Morris refused to make a loan; that he went and told Woodworth the only way he could get the money was to sell the stock; that Woodworth told him he would sell the stock; that they went round to Morris and made the sale. The bill of sale was delivered then, and the money was paid.

It was then agreed if he brought the money back in ten days Morris would return the stock. Morris testified to the same state of facts. Throughout all the evidence, it is apparent that the defendant refused to loan the money, and only agreed on a sale. This is corroborated by the bill of sale given by the plaintiff at the time. It is appa-

Woodworth *v.* Morris.

rent that the plaintiff was not present at the first negotiation, and the evidence is so preponderating against him, that if the case had been submitted to the jury, and they had found in the plaintiff's favor, the verdict would have been set aside as against the evidence.

There is another ground on which the judgment below should be affirmed. If it was a pledge, the defendant was entitled to interest on the loan. Even the plaintiff does not claim, in his evidence, that he was to have the loan without interest; and all the evidence to sustain the position that the plaintiff could have his stock back on payment of the principal, was the defendant's statement in connection with the sale, to give the stock back within ten days.

The tender, also, was not made on the day fixed, viz., ten days after the receipt of the money. If the defendant's statement, that he agreed to give back the stock if the money was tendered within ten days, is to be taken as relieving from interest for the ten days, no tender was made within that time; and on the next day, if a tender could be made, there was due one day's interest, which was not tendered. To entitle a pledgor to a return of the pledge, he must see to it that his tender covers both principal and interest, before he can claim a return of the pledge.

Under any view that can be taken of the evidence in this case, there was no question to go to the jury, and the question on which the plaintiff asked to go to the jury was an immaterial one.

The complaint was properly dismissed.

Judgment should be rendered for the defendant, with costs.

GEO. G. BARNARD, J. The transaction was either a conditional sale or a mortgage. On the defendant's testimony, it was a conditional sale; on the plaintiff's, a mortgage.

Woodworth *v.* Morris.

(*Brown* v. *Bement*, 8 *John.* 96.) In neither case can trover be maintained for a failure to return the property upon a tender being made after the day limited for payment.

With reference to the point made by the appellant respecting usury, it is sufficient to say that the complaint is not in proper form to permit a recovery on that ground. (*Schroeppell* v. *Corning*, 2 *Comst.* 132.)

The judgment should be affirmed, with costs.

BRADY, J., (dissenting.) The plaintiff's statement is, that he borrowed $250 on the stock deposited with the defendant, which he was to pay in ten or fifteen days, with the additional sum of $15 for the use of the money. The defendant's version of the transaction is, that he refused to make a loan, but agreed to and did buy the stock from the plaintiff, saying to him, at the time, "I have got enough of this stuff, and if, at the end of ten days, you come here you can have the stock back, at the same price that you sell it." The plaintiff denied that there was "any agreement at all of buying the stock;" and although it may be said that there was testimony in the case seriously affecting the truth of such denial, there was a conflict of evidence, nevertheless, upon the question whether the transaction between the parties was as represented by the plaintiff. It was error to assume, therefore, that it constituted a conditional sale. If the deposit was made with the defendant, as stated by the plaintiff, it was a pledge, only, and not a mortgage; (*Lewis* v. *Graham*, 4 *Abb. Pr. Rep.* 106; *Wilson* v. *Little et al.*, 2 *Comst.* 443 ;) and the offer of the plaintiff to pay the amount of the loan, on the morning after it became due, was sufficient to justify this action, unless the defendant had, at that time, lawfully sold the stock, which it was for him to show. Whether the plaintiff did make the offer, was a disputed fact, about which the defendant and he differed. He said that he made the offer, and that the defendant answered that he

had "confiscated" the stock; while the defendant stated that no such offer was made. These questions should have been submitted to the jury. If not both, certainly the question relating to the character of the transaction.

For these reasons I dissent, and think that the judgment should be reversed.

Judgment affirmed.

[NEW YORK GENERAL TERM, January 3, 1870. *Ingraham, Geo. G. Barnard* and *Brady,* Justices.]