## A. S. BRYANT, Respondent, *vs.* THE CARSON RIVER LUMBERING COMPANY, Appellant.

Where there is a statement on motion for new trial, and the moving party appeals from the order refusing a new trial, the case comes before this Court on the same statement on which the Court below acted, and there is no necessity for a statement on appeal.

A verdict will not be set aside merely because it is against the weight of evidence

In a mortgage of personal property, the title passes to the mortgagee, subject to defeasance upon payment of the debt, and after breach of condition he has the absolute right, after due notice, to sell the property at public or private sale.

The purchaser of personalty sold by a mortgagee gets a perfect and indefeasible title. There is no right of redemption from such purchaser. That right only exists for a reasonable time after breach as against the mortgagee, who has not sold the property.

The fact that the purchaser knows that his vendor is only a mortgagee, makes no difference as to the character of title acquired by the purchase.

The section of the Practice Act which declares there shall be but one form of action to foreclose a mortgage, does not deprive a mortgagee of his right to sell without action.

Whether a mortgagee can sell without notice given—*Quere ?*

A mortgage of personal property without delivery, is good as between the parties.

APPEAL from the District Court of the Second Judicial District, Ormsby County, Hon. S. H. WRIGHT, presiding.

The facts are stated in the opinion so far as they relate to the points decided.

*R. M. Clarke, Esq.*, for Appellant.

There is no question as to the facts of a mortgage to Drew, and a sale by him to defendants. A mortgagee after condition broken, may sell personal property. (2 Hilliard on Mortgages, 478 ; 8 N. H. 293 ; 8 Johns. 96 ; 9 Wend. 83–4 ; 7 Cowen, 292.)

Even if the sale was illegal at first, Bryant ratified it.

*John Cradlebaugh* and *W. Patterson, Esqs.*, for Respondent.

Drew, as mortgagee, had no right to sell the property. Nor was the mortgage valid for any purpose, as no delivery was ever had under it.

21

There being no statement on appeal, the Court can only consider the judgment roll. (Practice Act, Sec. 276, 363; *Dobbins* v. *Dollarhide*, 15 Cal. 374; *Barrett* v. *Tewksbury*, 15 Id. 354; *Hutton* v. *Reed*, 25 Id. 482; *Burnett* v. *Pacheco*, 27 Id. 410; *Vilhac* v. *Biven*, 28 Id. 413.)

In this action the defendants do not set up their right to the possession of the property by virtue of the mortgage given by plaintiff to Drew, but claim ownership of the property, and had used and converted the same to their own use under the claim of being the owner.

*Clark* v. *Ridout*, 39 N. H. 238, is directly in point, and directly decides the action of trover the proper action to be brought. *Charter* v. *Stevens*, 3 Denio, 33, is to the same point.

A mortgagee of personal property may enforce his lien by foreclosing his mortgage, or upon due notice may sell the mortgaged property at public auction. One or the other must be done. (*Wilson* v. *Brannan*, 27 Cal. 270.) In this case no such suit was brought or notice given, or a public sale of the property had, but the property was used and sold by the defendants without any right or authority of law.

Opinion by LEWIS, J., BEATTY, C. J., concurring, and JOHNSON, J., concurring specially.

It is claimed on behalf of respondent in this case, that in the absence of a statement on appeal this Court cannot extend its inquiries beyond the judgment roll, and as no error is apparent from that, the judgment must be affirmed. The record, however, contains the statement used on the motion for new trial, which purports to contain all the material evidence adduced upon the trial, together with an assignment of the errors complained of by appellant; and the appeal is taken, both from the judgment and the order refusing a new trial. In such cases it has been the uniform practice of this Court, to treat the statement on motion for a new trial as a statement on appeal. When such statement contains everything which the appellant wishes to bring to the attention of the appellate Court, there would seem to be no necessity for a distinct statement on appeal. The rule which has been observed by this Court in this

respect, is recommended by considerations of convenience, and we see no reason why it should not be followed in this case.

We readily agree with counsel that the verdict and judgment should not be set aside simply because the weight of evidence may be against them, because it is presumed that the jurors who see the witnesses and the manner in which they testify, are the better judges of the weight to be given to their testimony.    Hence, when they have rendered their verdict, it is entitled to great weight and consideration in an appellate tribunal, for as Coke says :   *Veredictum quasi dictum veritatis ut judicium est quasi juris dictum.*

We will not, therefore, set aside a verdict when there is no objection to it except that it is against the weight of evidence.    This brings us to a consideration of the merits of the case, as presented by testimony which, in our judgment, stands uncontradicted.

It is established beyond all question that Drew, the mortgagee of the lumber, sold the mortgaged property to the defendant, and received a valuable consideration therefor.    Drew in his testimony says ;  " I sold to Russell & Crow, and understood at the time that I had the right to sell."

A Mr. Crow on the part of the defendant testified :  " Bryant told me to buy of Drew ; said he was willing for Drew to sell, and for me to buy of him.    I then (for the defendant) bought the timber and logs from Drew." .  The receipt delivered by Drew to the defendant, acknowledging the payment of a portion of the consideration money, also shows a sale, and states the consideration to be thirteen dollars per thousand feet.

A. M. and C. P. Crow both testify that Bryant stated in their presence that Drew was authorized to sell the timber.    True, Bryant denies having made any such statement, but there is nothing in the testimony to show that Drew did not sell the property to the defendant, or to support the assumption of counsel for respondent, that Drew simply made an assignment of his mortgage ; and the record discloses a fact rather inconsistent with this theory of the transaction—that is, the notes secured by the mortgage to Drew were all surrendered to Bryant, the maker, upon the sale to the defendant, both the plaintiff and Drew thereby treating them as paid and canceled.    Had it been the intention simply to assign

the mortgage, the notes which evidence the debt it would seem, would have been transferred to the assignee.

Upon the re-examination of Drew he says: " I sold my papers. What I had I transferred.    I cannot say whether Bryant did or did not tell me to sell the timber."

What he meant to say evidently was, that he simply sold whatever right or title he had in the mortgaged property to the defendant. Giving such interpretation to what he said upon his re-examination, and there is no inconsistency between it and what he stated upon his examination in chief, because, as we shall show, he had the absolute title and had a right to sell it.

There is nothing, therefore, in the transcript to support the position that Drew simply assigned the mortgage to the defendant, whilst, on the other hand, it is proven beyond all question, that the mortgagee sold the property absolutely.

As the testimony clearly warrants it, the sale will be treated as an established fact in the case.    Then follow the inquiries whether the mortgagee had the authority to sell the property, and if so, what interest the purchaser acquired by such sale.

The uniform language of the authorities is, that a mortgage of personal property passes the whole legal title to the mortgagee, subject, however, to be revested in the mortgagor upon the performance of the condition of the mortgage, and possibly by redemption after breach of it.    (*Brown* v. *Bement & Strong*, 8 Johnson, 96 ; 2 Hilliard on Mortgages, 518 ; *Ackley* v. *Finch*, 7 Cowen, 290 ; *Dewey et als.* v. *Bowman et als.* 8 Cal. 145 ; *Tannahill et als.* v. *Tuttle*, 3 Mich. R. 104.)    After breach of condition or failure on the part of the mortgagor to perform his contract, the same authorities hold that the title becomes absolute in the mortgagee to the extent that he may upon due notice to the mortgagor sell or otherwise dispose of the mortgaged property to satisfy his debt.    If by a fair sale of the entire property only enough be realized to discharge the demand, the mortgagor has no remedy. (*Brown* v. *Bement et al.*, 8 John. 96.)    Indeed the entire current of authorities supports the proposition that the mortgagee may sell either at public or private sale, and to that extent at least he is treated as the absolute owner of the mortgaged property.    *Charter*

v. *Stevens*, 3 Denio, 33, relied on by counsel for respondent, does not maintain a different doctrine, nor does it in any wise conflict with the general rule of law as we have stated it. It was simply held in that case, that trover might be maintained against the mortgagee for the sale or conversion of a portion of the mortgaged property after the debt had been paid. The Court held that what had been done before the sale of the horse, for the conversion of which the action was brought, was equivalent to the payment of the mortgagee's claim, and therefore that he had no further claim upon the mortgaged property.

" The mortgage," said Beardsley, J., " provides that on failure to pay at the time specified the mortgagee might take possession of the said property and sell the same at public auction, after giving six days' notice of the sale, and satisfy said above-mentioned sum of money, and the interest of the same, and costs of selling the same." " Default in payment," says the Judge, " had been made, and the mortgagee proceeded to sell under the authority contained in the clause of the mortgage. And before he sold the horse, which alone is now in question, enough money had been raised to satisfy the amount due and unpaid, with interest and expenses. The end and object of the mortgage had been thus fully attained, and the mortgagee had no longer any right to the property which remained unsold, or to sell it under the mortgage." The Court, upon these facts, very justly held that the plaintiff could recover in trover the value of the horse converted after the debt had been discharged. But clearly, no such action can be maintained, except where property is sold or converted after the debt is extinguished. But conceding that the case supports the proposition of counsel, still it does not by any means follow that such an action could be supported against the vendee from the mortgagee which is the case at bar. Counsel will also find upon a careful examination of the case of *Clark* v. *Ridout*, 39 New Hampshire Reports, 238, that it has no bearing whatever upon this point. The defendant in that case claimed no right as mortgagee of the property, but on the contrary distinctly repudiated it, and the Court treated the case as if no mortgage existed. We find nothing in it to justify the construction placed upon it by counsel. Indeed the law authorizing

the mortgagee to sell is, in our opinion, so thoroughly settled that it cannot now admit of a question.   Such being the right of the mortgagee, it follows as a necessary consequence that the purchaser from him obtains an absolute legal title as complete, perfect and indefeasible as can exist or be acquired by purchase; and a sale, upon due notice to the mortgagor, whether at public or private sale, forecloses all equity of redemption as completely as a decree of Court.

For a reasonable time after breach of the condition of the mortgage, and whilst the property remains in the possession of the mortgagee, the Courts of Equity have uniformly, upon a proper application, allowed a redemption by the mortgagor; but after sale made upon due notice no such right exists, for the purchaser acquires the absolute title.   That defendant had notice of the fact that Drew was in possession of the property as mortgagee, is a matter of no consequence whatever; because, as we have shown, Drew as a mortgagee had a right to sell, and notwithstanding the defendant had notice of the mortgage it acquired an absolute title, if the sale was *bona fide.*

But it is claimed by counsel that Sec. 246 of the Practice Act prescribes the only means by which the mortgagor's rights may be foreclosed.   We think otherwise.   That section simply declares that there shall be but one action for the recovery of a debt, or enforcement of a right secured by a mortgage, which shall be for an enforcement of the lien or mortgage, in accordance with the provisions of the statute.   It does not, however, deprive the mortgagee of personal property of right to sell without action, and so it has been directly held in California upon a statute identical with ours. (*Wilson* v. *Brannan,* 27 Cal. 268.)   What might be the effect of a sale made by the mortgagee without notice, and whether notice be necessary or not, are questions which need not be discussed, as there was in this case not only notice but a clear waiver of all informalities in the sale.   There is much testimony in the record showing that Bryant had notice of Drew's intention to sell to the defendant, and indeed that he authorized such sale.

But if it be claimed that previous notice is not clearly proven, Bryant's acquiescence in the sale is irrefragably established.   The

plaintiff himself admits that he endeavored to obtain a portion of the purchase money from the defendant, saying that he was to have what remained after Drew was paid.   He took back and canceled his notes which were held by Drew, and which were secured by mortgage.   And after the sale was made he charged the defendant, and obtained his pay, for assisting in taking the property in question out of the river, refusing to let the defendant haul it away until he was so paid.   Many such facts appear in the record, which leave no doubt whatever of the full ratification of the sale by the plaintiff. Even conceding the necessity for notice, such ratification amounted to a waiver of all rights which the informality in the sale might have given him.   Thus the case is left in precisely the same position as if due notice had been given by the mortgagee before the sale.

That the mortgage in question was void because there was no delivery of property to the mortgagee, is a position utterly untenable.   The effect of a failure to transfer the possession of personal property to the mortgagee, is simply to make the mortgage void as against third parties.   So far as the parties to the instrument are concerned, it is perfectly good without a delivery.   None of them can take advantage of that fact for the purpose of defeating the mortgage.   The law requiring a delivery of possession of the mortgaged property to the mortgagor was adopted solely for the protection of third parties purchasing or acquiring rights from the person in possession.   They alone have the right to take advantage of a failure to comply with this requirement of the law.   Surely the mortgagor cannot defeat the mortgage upon any such ground.

We conclude, therefore, that the mortgagee sold the property to the defendant; that he had the right so to sell; and that the defendant acquired an absolute title to the property by means of it.

Judgment reversed, and new trial awarded.

Opinion by JOHNSON, J.

I concur with Chief Justice Beatty and Mr. Justice Lewis as to the conclusions they attain in respect to the first point discussed in their opinion.   I also concur in the construction they place on Sec. 246 of the Practice Act, and hold with them " that the mortgagee

of personal property is not limited to the remedy of judicial fore-closure for the purpose of subjecting the property to a sale for the satisfaction of the debt due." I also concur in the reasoning and in the conclusion respecting the last point discussed in their opinion, concerning the delivery of personal property mortgaged. In relation to the other points, (excepting the one hereafter mentioned) as I do not deem them essential in determining this appeal, I express no opinion. I concur in the judgment on the one ground that the statement on motion for a new trial in the lower Court establishes beyond a question that the plaintiff Bryant ratified the acts of Drew in the matter of the sale of the mortgaged property to the defendant; and he is thereby concluded from questioning the regularity of the sale, so far as it can be affected by any matter in issue in this case.