RALPH ENGELSTAD, BETTY ENGELSTAD, APACHE CONSTRUCTION CO., INC., AND LAS VEGAS AIR TERMINAL, INC., APPELLANTS, v. HOMER L. MATHESON AND MARGARET MATHESON, RESPONDENTS.

No. 7151

May 29, 1974

522 P.2d 1018

*W. Owen Nitz* and *George A. Cromer,* of Las Vegas, for Appellants.

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

In 1965, Homer Matheson and Ralph Engelstad formed a joint venture for the purchase and operation of an airport

near Las Vegas, Nevada, known as Thunderbird Field. On August 25, 1967, the parties entered into an agreement to dissolve this arrangement. In consideration of the dissolution agreement appellants agreed to pay the Mathesons the sum of $176,500. Matheson received $50,000 upon execution of the agreement and a promissory note for the balance of $126,500. The promissory note provided for payment on April 1, 1968 of $12,500 together with 7 percent interest from April 1, 1967. The sum of $104,000 was to be paid on or before April 1, 1969, which if paid on time, would give the Engelstads the benefit of a $10,000 discount on the balance. Failure to tender payment of this amount would result in the loss of the discount and the unpaid balance on $126,000 would thereafter bear interest at 7 percent per annum.

Pursuant to the dissolution agreement, Matheson agreed to remain liable on a previously executed promissory note in favor of Ralph Engelstad in the amount of $12,578.12.

Following execution of the dissolution agreement, the Mathesons discovered that the Engelstads had executed an option to sell the airfield for a sum in excess of two million dollars. The Mathesons brought an action seeking in the alternative rescission of the dissolution agreement or damages for fraud in the inducement of said agreement.

The case was tried to a jury whose consideration was restricted to the issue of fraud. Matheson affirmed the dissolution agreement and the parties entered into an oral stipulation reserving to the trial judge decision of the validity of tenders made pursuant to the promissory notes. Following submission of blind memoranda and oral argument on the issue of tender, the trial court held that all tenders were defective. The Engelstads were awarded the principal and accrued interest on the Matheson note to be deducted from the amount owing to the respondents. The trial judge awarded the Mathesons the sum of $126,500 with interest at the rate of 7 percent per annum to the date of judgment.

The appellants are contending on appeal that the stipulation of the parties limited the court to consideration of whether the Engelstads were entitled to the benefit of the $10,000 by reason of various tenders and that the stipulation was exceeded when the court awarded interest to the date of judgment. They argue that because the Mathesons' action did not seek recovery on the promissory note, the court could not decide this question without reference to the stipulation.

The stipulation of the parties is reflected in a colloquy

between court and counsel following final argument to the jury. It is not at all clear to what the parties stipulated. The agreement was not in writing nor was it set forth in a minute order.[1] However, the lower court's finding that all of the Engelstads' tenders were conditional is not supported by the record and they are entitled to the $10,000 discount originally agreed upon. Nor are the Engelstads obliged to pay interest on the obligation after April 1, 1969.

Reversed in part as to the $10,000 discount and interest; affirmed in all other respects.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.

---

[1]Rule 24 of the Rules of the District Courts:
No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney.