ANSEL CASENTINI, Appellant, v. THOMAS K.
HINES, Respondent.

No. 11113

March 31, 1981                                        625 P.2d 1174

*A. J. Bayer, Jr.,* Carson City, for Appellant.

*Bergmann & Mollath,* and *Keith S. K. Ching,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent Hines filed separate actions against appellant Casentini and Ron Kincade. The actions were consolidated for purposes of trial. Prior to the completion of jury selection, the parties entered into an oral stipulation to settle the dispute. The stipulation was made in open court before District Judge Noel Manoukian. The stipulation appears in the transcript of the proceedings, but it was not entered in the minutes in the form of an order. In fact, the only order made by Judge Manoukian was that the stipulation be reduced to writing.

Thereafter, the parties were unsuccessful in their attempt to arrive at a written stipulation. However, Kincade complied with the oral stipulation, and the action was dismissed as to him. Casentini continually refused to sign a written stipulation. Hines filed a "motion to compel compliance with stipulation."

Since Judge Manoukian had been elevated to the Supreme Court, the motion came on before Judge Fondi. Finding that the oral stipulation made in open court was clear and binding, Judge Fondi ordered Casentini to comply therewith and entered judgment in Hines' favor. This appeal followed.

No stipulation will be regarded unless it is entered in the minutes in the form of an order or unless it is in writing subscribed by the party against whom the stipulation is alleged. DCR 24 (current version DCR 16); *see* Engelstad v. Matheson, 90 Nev. 204, 522 P.2d 1018 (1974). In this case, the stipulation was not in writing subscribed by Casentini. Furthermore, the stipulation was not made the subject of a minute order.

In addition, the record reveals that Judge Manoukian specifically ordered that the stipulation be reduced to writing. It is also apparent that Judge Manoukian intended to review the written stipulation before approving it. Under these circumstances, we conclude that it was error to grant Hines' motion to compel compliance with the oral stipulation.

Reversed.

GUNDERSON, C. J., and BATJER, SPRINGER, and MOWBRAY, JJ., and TORVINEN, D. J.,[1] concur.