692 P.2d 384

**Willie McKINNEY and Tim McKinney,
Plaintiff-Appellants,**

v.

**Terry KIRKNESS,
Defendant-Respondent.**

**No. 14828.**

Court of Appeals of Idaho.

Nov. 30, 1984.

Peter J. Boyd and Robert M. Tyler, Jr. of Elam, Burke & Boyd, Boise, for plaintiffs-appellants.

Philip A. Peterson of White, Ahrens, Peterson & Perry, Nampa, for defendant-respondent.

Before BAKES, Acting C.J., and McFADDEN and OLIVER, Acting JJ., Special Panel.

BAKES, Acting Chief Judge.

This is an appeal from an award of attorney fees under I.C. § 12–120(2) in favor of defendant respondent Kirkness in an action by the plaintiff appellant McKinney to recover a motor vehicle or its fair market value.

McKinney entered into an agency agreement with National Auto Finders, Inc., to sell his 1971 Pontiac on consignment. National Auto Finders sold the vehicle to Kirkness, delivered the automobile to Kirkness and collected the purchase price of $7,100. However, National Auto Finders did not remit the $7,100 to its principal, McKinney, who then refused to deliver the certificate of title to Kirkness.

McKinney sued Kirkness to recover the automobile or its fair market value. Kirkness counterclaimed seeking delivery of the certificate of title pursuant to the contract of sale between Kirkness and National Auto Finders.

After a hearing, the trial court granted summary judgment in favor of Kirkness on his counterclaim, ordering delivery of title to Kirkness, and awarding attorney fees to Kirkness under I.C. § 12–120(2). McKinney appealed from the trial court's judgment.

The sole issue on appeal concerns the award of attorney fees by the trial court under I.C. § 12–120(2). Appellant asserts that his complaint was not a "civil action to recover on ... [a] contract relating to the purchase or sale of goods ...," but was a claim and delivery action to recover the vehicle or its fair market value. Therefore, relying upon *Chenery v. Agri-Lines, Inc.*, 106 Idaho 687, 682 P.2d 640 (Ct.App.1984), he asserts that no award of attorney fees under 12–120(2) was authorized.

However, defendant Kirkness prevailed on his counterclaim, and the attorney fees were awarded for that. This counterclaim asserted a right under the contract of sale existing between Kirkness and McKinney's agent, National Auto Finders, Inc. As such the counterclaim was a "civil action to recover on ... [a] contract relating to the purchase or sale of goods ....." Therefore, Kirkness was entitled to recover attorney fees under I.C. § 12–120(2). We find no error or abuse of discretion in the award or the amount. Accordingly, the judgment of the trial court awarding attorney fees is affirmed.

Costs and attorney fees on appeal are awarded to respondent pursuant to I.C. § 12–120(2).

McFADDEN and OLIVER, Acting JJ., concur.