HUMANA, INC., a FOREIGN CORPORATION, dba SUNRISE HOSPITAL, APPELLANT, *v.* VAN NGUYEN, AN INDIVIDUAL, AND POMERANZ, CROCKETT & MYERS, a PARTNERSHIP, RESPONDENTS.

No. 16992

December 4, 1986                    728 P.2d 816

*Lionel, Sawyer & Collins* and *Anthony N. Cabot,* Las Vegas, for Appellant.

508

*Lorraine J. Mansfield, Crockett & Myers,* Las Vegas, for Respondents.

**OPINION**

*Per Curiam:*

Respondent Van Nguyen received treatment at Sunrise Hospital for injuries sustained in a traffic accident. Several years have passed; Nguyen obtained an insurance settlement long ago. Yet he has carried on protracted litigation, including an earlier appeal which this court dismissed, while delaying payment of more than forty thousand dollars in hospital bills. In September, 1985, the trial court entered summary judgment allowing Sunrise to foreclose its statutory lien on the insurance settlement. The court also awarded costs, but denied attorney's fees and both prejudgment and post-judgment interest. Sunrise appeals from the adverse portions of the summary judgment. Because Sunrise has a clear statutory entitlement to the relief denied, we reverse and remand with directions to award reasonable attorney's fees and interest as provided by law.

## I. ATTORNEY'S FEES

An award of reasonable attorney's fees is mandatory in any

action brought to foreclose a hospital lien, upon entry of a decree in the hospital's favor. NRS 108.660(2). This statute is dispositive, despite respondents' arguments to the contrary.

First, there is no merit to respondents' contention that since Nguyen was the first to sue (for a declaratory judgment reducing the amount of the hospital's lien), no action was brought pursuant to the hospital lien statute. This court declines to transform the enforcement of hospital liens into a race to court; we join neighboring states in holding that, for the purpose of awarding attorney's fees, a compulsory counterclaim qualifies as an action under the statute. *See* McKinney v. Kirkness, 692 P.2d 384 (IdahoCt.App. 1984); Petty Inv. Co. v. Miller, 576 P.2d 883 (Utah 1978).[1]

Second, Sunrise's admitted tardiness in notifying the patient's insurer of its claim left the lien at most unperfected, *see* NRS 108.610(2), (3), not void. The existence, *per se,* of the lien does not depend on notice to others, *see* NRS 108.590; the doctrine of perfection relates to the enforceability of the lien against third parties, *see* NRS 108.650.

Third, respondents obtain no advantage from their allegation that Sunrise expressly agreed to waive interest and fees; assuming *arguendo* that there was an actual agreement, it was neither reduced to a signed writing nor entered by consent as an order, so the trial court could not properly have considered it. DCR 16; Eighth Jud. Dist., DCR 7.50. Respondents' disputed allegations of reliance and partial performance do not cure this defect; we deal not with a question of estoppel or the Statute of Frauds, but with a procedural rule applicable even to legally enforceable agreements. *See* Resnick v. Valente, 97 Nev. 615, 637 P.2d 1205 (1981); Casentini v. Hines, 97 Nev. 186, 625 P.2d 1174 (1981).[2]

Since the entitlement to fees is clear, a remand is necessary.[3]

---

[1]Respondents argue that our decision in Campbell v. Nocilla, 101 Nev. 9, 692 P.2d 491 (1985), holds to the contrary. We see no similarity between *Campbell* and the present appeal.

[2]Respondents also attempt to charge appellant with alleging a known falsehood in the pleadings below. However, such allegations are beyond the scope of this appeal. Further, appellants' defense to respondents' accusation is of record; the trial court imposed no sanctions, and we perceive no abuse of discretion.

[3]Respondents' claim that the hospital has not proven the necessity or reasonableness of its attorney's fees is misdirected; the hearing on that issue has yet to be held.

## II. INTEREST

Nguyen's indebtedness to the hospital is contractual in nature, and the record discloses no cognizable agreement with respect to interest. Therefore, Sunrise was entitled to both prejudgment and post-judgment interest. NRS 99.040; NRS 17.130(2). Respondents' arguments to the contrary are the same which we have just dismissed; the denial of interest was unjustified.

Summary judgment is reversed to the extent that it denied the hospital's requests for interest and attorney's fees; the cause is remanded with directions to award prejudgment and post-judgment interest and all reasonable attorney's fees incurred in obtaining the summary judgment granting foreclosure.[4]

---

[4]Sunrise also desires an award for its additional attorney's fees incurred in this appeal. However, Sunrise cites no authority allowing such an award. The hospital lien statute requires only an award of those fees incurred up to the time of judgment; post-judgment attorney's fees are not within its scope. *See* NRS 108.660(2).