CAROL ROSE, Administratrix of the ESTATE OF JAMES ROSE, CAROL ROSE, Individually, and LAURA STEPHENSON, Appellants, v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEVADA, Respondent.

No. 18997

August 2, 1989                    777 P.2d 1318

*James E. Wilson, Jr.*, Carson City, for Appellants.

*Allan D. Jensen*, Reno, for Respondent.

## OPINION

*Per Curiam:*

This case poses the question of whether under NRS 21.130 and NRS 107.080(4) a trustee must give notice of the sale of property to the successor in interest of the grantor of the deed of trust before proceeding with the sale. We hold that the statutes do require notice to the successor in interest, and we therefore reverse.

### Facts

In September 1977, James Rose (James) purchased a condominium located at 3474 Terrace Knoll Court in Reno. He purchased the condominium with money borrowed from First Federal Savings and Loan Association of Nevada (Federal) and secured by a deed of trust on the condominium. In 1980, James borrowed an additional sum from Federal. This second loan was secured by a second deed of trust on the condominium.

James made regular payments on both loans until early in 1985, when he failed to make payments due on the loans. Soon after he failed to make these payments, he passed away, survived by his second wife, Carol Rose, and his mother Laura Stephenson.

Within two days of James' death in April 1985, a tenant living in the condominium telephoned Federal and informed the bank that James had died. Thereafter, in May 1985, James Forman, an attorney representing the James Rose estate, telephoned a collections officer for Federal. The collections officer told Forman that a notice of default on the first loan had been recorded on April 26, 1985. Also in May 1985, Laura Stephenson went to Federal's offices and spoke with the employees there concerning the status

of the loans. The savings and loan employees obtained the addresses of Stephenson and Forman, and notices of default on James' first loan were sent to Stephenson and Forman. Federal later also sent notices of default for the second loan.[1]

On November 7, 1985, First Financial Service Corporation (Financial) exercised the powers pursuant to the two deeds of trust and sold the condominium at a trustee's sale. However, Financial did not give prior notice of the trustee's sale, either by personal service or by mailing, to Carol Rose, Laura Stephenson or James Forman. Thus, other than the contacts in May 1985, Federal and Financial had no communication with Carol Rose, Laura Stephenson or James Forman prior to the trustee's sale.

Carol Rose, as administratrix of the James Rose estate, filed suit against Federal and Financial alleging that they had not complied with the statutory notice requirements before conducting the trustee's sale. Federal and Financial moved for summary judgment, and the court granted summary judgment against the estate.

## Discussion

When a grantor of a deed of trust breaches the obligation, the trustee may sell the property to satisfy the obligation. NRS 107.080(1). Before the trustee can sell the property, however, the trustee must satisfy notice provisions imposed by statute. First, the trustee must record a notice of default and election to sell and serve the grantor/debtor with a copy of that notice. This service sets in motion a thirty-five day period in which the grantor/debtor may make good his deficiency. NRS 107.080(2)-(3). After the thirty-five days have expired from the service of the notice of default on the grantor/debtor, but in no case less than three months after the recording of the notice of default, the trustee must give notice of the sale. NRS 107.080(4) provides as follows: "The trustee . . . shall . . . give notice of the time and place [of the sale] in the manner and for a time not less than that required by law for the sale or sales of real property upon execution."

This reference to the statute giving the requirements for a sale upon execution gives rise to the confusion and the dispute in the present case. NRS 21.130 provides that the notice of the sale of real property must be given to the *judgment debtor*.[2] However, in

---

[1]There is no dispute concerning the adequacy of the notices of default on the loans.

[2]Before the sale of property on execution, notice thereof shall be given as follows:

. . . .

3. Real property. In case of real property, by personal service

the context of trustee's sales, the "judgment debtor" does not exist. The procedure is designed to accommodate the involuntary transfer of real property without first obtaining a judgment against the grantor/debtor. Thus, taken literally, the statute requires notice only to a non-existent person. But that result was obviously not the intent of the legislature.

We have long held that it is our duty to interpret statutes consistent with the intent of the legislature. *See* Recanzone v. Nevada Tax Comm'n, 92 Nev. 302, 305, 550 P.2d 401, 403 (1976). In addition, we must ascribe an intent which will accomplish a reasonable result. "The court must, if possible, and if consistent with the intention of the legislature, give effect to all the statutory provisions in controversy, and to every part of them. It is our duty, so far as practicable, to reconcile the various provisions so as to make them *consistent* and *harmonious."* Board of School Trustees v. Bray, 60 Nev. 345, 353-54, 109 P.2d 274, 278 (1941) (emphasis added).

In accordance with these guiding principles, we must determine whom the legislature intended as the recipient of the notice of sale provided for in NRS 21.130 and NRS 107.080(4). Federal and Financial claim that, because NRS 21.130 refers only to the judgment debtor and not to his successor in interest, we should include only the grantor/debtor as the necessary recipient of the notice of sale, thus not requiring notice of sale to be served on the successor in interest. That result, however, would be contrary to the apparent intent of the legislature as evidenced in NRS 107.080(3) that the grantor/debtor's successor in interest should receive any notice that the grantor/debtor had the right to receive. Even though NRS 107.080(3) only provides for the earlier notice of default and election to sell, it is the only indication of the legislatively intended recipients of notice in the context of a trustee's sale.[3] Consistent with this indication of legislative intent, we hold that notice of the time and place of a trustee's sale as required by NRS 107.080(4) must be served on the *grantor or his successor in interest* in accordance with the other require-

---

upon each *judgment debtor* or by registered mail to the last known address of each judgment debtor and by posting a similar notice particularly describing the property, for 20 days successively, in 3 public places of the township or city where the property is situated and also where the property is to be sold; and also by publishing a copy of the notice three times, once a week, for 3 successive weeks, in a newspaper. . . .

NRS 21.130 (emphasis added).

[3]"[T]he notice of default and election to sell [must be] mailed . . . to the grantor *or his successor in interest.* . . ." NRS 107.080(3) (emphasis added).

ments of NRS 107.080(4) and NRS 21.130. This holding renders the notice provisions of NRS 107.080 "consistent and harmonious." Federal and Financial should have served notice of the sale of the property on James Rose's successor in interest before proceeding with the sale.

Having thus held, we conclude that the district court erred by upholding the trustee's sale without notice to James Rose's successor in interest. Accordingly, we reverse and remand to the district court with instructions to enter judgment in favor of the estate of James Rose in accordance with this opinion.

YOUNG, C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., and ZENOFF, Sr. J.,[4] concur.