**In re Jeremiah GRANT, Jr., Debtor.**

**No. BK–S–03–19798–LBR.**

United States Bankruptcy Court,
D. Nevada.

Dec. 9, 2003.

Jeffrey A. Cogan, Las Vegas, NV, for Debtor.

## ORDER RE: MOTION TO LIFT STAY

LINDA B. RIEGLE, Bankruptcy Judge.

This case presents the question whether a pre-petition foreclosure sale can be avoided because the trustee's deed was recorded after the Chapter 13 bankruptcy petition was filed. This Court holds that, under Nevada law, a debtor's legal and equitable interest in property is effectively terminated upon the foreclosure sale, and not upon recordation of the trustee's deed. The post-petition recordation of the deed, therefore, does not violate the automatic stay or thereby render the sale void.

On August 6, 2003, certain realty owned by the Debtor (the "Property") was sold to a third party, Woolman Oval Holdings, LLC ("Woolman") at a foreclosure sale held pursuant to a deed of trust. Prior to the foreclosure sale, a notice of default and election to sell ("Notice of Default") had been recorded. One day after the foreclosure sale, on August 7, 2003, the Debtor filed a Chapter 13 bankruptcy petition. The trustee's deed was recorded, post-petition, on August 15, 2003.

Woolman has filed a motion for relief from stay for the purpose of evicting the Debtor from the Property. Woolman contends that the Debtor had no legal or equitable interest in the Property when the Chapter 13 petition was filed.

The Debtor contends that recordation of a deed is "more than ministerial." He argues that the post-petition recordation of the trustee's deed violated the automatic stay, and thereby renders the foreclosure sale void.

### Legal Analysis

The central question for this Court is whether the Debtor had any legal or equitable interest in the Property under § 541 at the time the petition was filed. The answer to that question depends upon: (1) the effect of a foreclosure sale, and (2) when a trustee's foreclosure sale is deemed to be complete under Nevada law.

Property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). State law determines the extent of a debtor's interest in property. *In re Summers*, 332 F.3d 1240, 1242 (9th Cir.2003), quoting *In re Cohen*, 300 F.3d 1097, 1104 (9th Cir.2002). State law also determines when a transfer is deemed to have occurred. *In re Ehring*, 900 F.2d 184, 187 (9th Cir.1990).

### A. Effect of Foreclosure Sale

Under Nevada law, a valid trustee's foreclosure sale terminates all legal

interest of the debtor in the property. *Charmicor, Inc. v. Bradshaw Fin. Co.*, 92 Nev. 310, 313, 550 P.2d 413 (1976)(where trustee's sale held in full compliance with foreclosure statutes "all legal interest . . . in the property had been terminated by the trustee's sale").

As to equitable interests, the consequences of a deed of trust foreclosure sale are explained in N.R.S. § 107.080(5):

> Every sale made under the [trustee's power of sale] . . . vests in the purchaser the title of the grantor and his successors in interest without equity or right of redemption.

As stated by the Nevada Supreme Court:

> An equity of redemption is a final opportunity which equity affords a debtor who has conveyed his property for security, and has defaulted and suffered foreclosure, to pay the indebtedness and such amounts of interest and costs as will make the creditor whole, and thereby save his property. In such case there has been no intention to part with the property at any time, and the relationship is one of mortgagor and mortgagee. In such case, if a mortgagor fails to redeem within the statutory time, or such time as a court of equity validly decrees, a forfeiture results, *and he loses his equitable interest in land.*

*McCall v. Carlson*, 63 Nev. 390, 406–07, 172 P.2d 171 (1946).

The Nevada Supreme Court has held that sales without equity or right of redemption vest the purchaser with absolute title:

> [T]he law authorizing the mortgagee to sell is, in our opinion, so thoroughly settled that it cannot now admit of a question. Such being the right of the mortgagee, it follows as a necessary consequence that the purchaser from him obtains an absolute legal title as complete, perfect and indefeasible as can exist or be acquired by purchase; and a sale, upon due notice to the mortgagor, whether at public or private sale, forecloses all equity of redemption as completely as a decree of court.

*Bryant v. Carson River Lumbering Co.*, 3 Nev. 313, 317–18 (1867).

In light of these well-settled principles of Nevada law, this Court holds that a trustee's foreclosure sale effectively transfers all legal and equitable interests in property at the time of the sale. The legal and equitable interests in a bankruptcy estate rise no higher than those of the debtor. *In re Rodgers*, 333 F.3d 64 (2d Cir.2003). Here, the Property had been transferred before the bankruptcy petition was filed. The Debtor thus retained no interest in the Property and it was not property of the estate at the time of filing.

### B. When Is a Foreclosure Sale Complete?

The Debtor contends recordation of a deed "is more than ministerial" and that "perfection of the foreclosure sale" is complete only upon recordation of the trustee's deed.[1]

The acceptance of a bid at auction is signified by the fall of the hammer or by the auctioneer's announcement "sold." J. PERILLO, 1 CORBIN ON CONTRACTS

---

1. The concepts of "perfecting" a sale and "completing" a sale are different, however. "Perfection" refers to protecting a buyer's interest in property against the claims of third parties by providing notice. *See Humana, Inc. v. Nguyen*, 102 Nev. 507, 509, 728 P.2d

816 (1986). A foreclosure sale is "complete" when all the statutory requirements are satisfied and payment is made. As pointed out by the Nevada Supreme Court in *Humana*, an interest is not rendered invalid by the failure to perfect. *Humana* at 509, 728 P.2d 816.

§ 4.14 (1993). "After such an acceptance, the sale is consummated." *Id.* A foreclosure sale is not legally complete or binding until the purchaser has actually paid the amount bid. 59A C.J.S. MORTGAGES § 641 (1998). Title is deemed to have vested from the day the bid for the property was made. *In re Smith,* 4 Nev. 254, 1868 WL 1975 (1868). As stated by the Nevada Supreme Court:

> [A]t an auction sale of real property, the sale is not complete until the hammer drops; at any time before the property is struck off, the bidder may recall his bid. After the property is struck off to a bidder it is a complete contract; and on the party making the bid failing to comply with his part of the contract, and pay the sum bid, the sheriff is required to re-sell the property.

*Dazet v. Landry,* 21 Nev. 291, 297, 30 P. 1064 (1892). As to when title to the property is effectively transferred to the purchaser at a foreclosure sale:

> [T]he highest bidder acquires no title to the thing purchased but by *payment of the purchase money,* and if he fails to do this within a reasonable time, a re-sale may lawfully be made.

*Dazet v. Landry,* 21 Nev. 291, 295, 30 P. 1064 (1892). *See also, In re Kleitz,* 6 B.R. 214 (Bankr.D.Nev.1980)(foreclosure sale is complete upon tender of payment).

■■■ The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in N.R.S. 107.080 *et seq.* The foreclosure process is commenced by the recording of a notice of breach and election to sell by the trustee. N.R.S. § 107.080(2)(b). After the notice of default is recorded, the trustee must wait three months. N.R.S. § 107.080(2)(c). The trustee must then give notice of the time and place of the sale. N.R.S. § 107.080(4). A sale is conducted, monies are bid, and a trustee's deed is issued.

Foreclosure procedures must be followed or the sale will be invalid. *See Rose v. First Fed. Sav. and Loan,* 105 Nev. 454, 777 P.2d 1318 (1989)(trustee's sale invalid where notice requirements not satisfied).

■■■ Notably missing from the Nevada foreclosure procedures is the requirement that a trustee's deed must be recorded in order for the sale to be complete or the transfer to be effective. The plain language of the Nevada foreclosure statutes leads this Court to conclude that the final act of the process of foreclosure is the payment of the bid, not the subsequent recordation of the trustee's deed. A trustee's deed is not required to be recorded in order for title to vest in the purchaser.

In addition, the Nevada Supreme Court has recently acknowledged that, at least in the context of the recordation of a record of survey, that "recording a document is a purely ministerial task." *Schneider v. County of Elko,* —— Nev. ——, 75 P.3d 368 (2003).

The Debtor has not cited a single Nevada case or statute to support his contention that the foreclosure sale was not complete on the date the petition was filed. There has been no allegation made in this case that Woolman tendered payment for the Property after the petition was filed. In light of the Nevada law cited above, the Court holds that the Debtor had no interests in the Property at the time of the petition.

### C. Avoidability Under the Bankruptcy Code

#### § 544(a)(3)

■■■ Apart from the property rights of a debtor under state law, a trustee in bankruptcy has rights as a hypothetical bona fide purchaser of real property ("BFP"). 11 U.S.C. § 544(a)(3) provides that, upon the filing of the case, the trustee attains the status of a hypothetical BFP and can avoid any transfer of the

debtor's property that is unperfected on the date of the filing.[2] *In re Berg,* 45 B.R. 899, 902 (9th Cir. BAP 1984).

 State law determines whether a trustee's status as a BFP will defeat the rights of the person against whom the trustee asserts his "strong arm" powers. *In re Weisman,* 5 F.3d 417, 420 (9th Cir. 1993). Nevada law, therefore, determines whether the trustee can avoid Woolman's interest in the Property which was unrecorded on the date of the petition. Under Nevada's race-notice recording statute,[3] a BFP without notice has priority over a previous purchaser if the BFP records first. N.R.S. § 111.320; N.R.S. § 111.325.

 While § 544(a)(3) creates the legal fiction of a perfect BFP and renders the trustee's actual notice of prior grantees irrelevant, "constructive or inquiry notice" obtained in accordance with state law can defeat a trustee's claim. *Weisman,* 5 F.3d at 420.

 Under Nevada law, constructive notice is sufficient to preclude the avoidance of an unrecorded interest. In Nevada:

> A duty of inquiry arises when the circumstances are such that a purchaser is in possession of facts which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights. He is said to have constructive notice of their existence whether he does or does not make the investigation. The authorities are unanimous in holding that he

has notice of whatever the search would disclose.

*Huntington v. Mila, Inc.,* —— Nev. ——, 75 P.3d 354 (2003), citing *Allison Steel Mfg. Co. v. Bentonite, Inc.,* 86 Nev. 494, 499, 471 P.2d 666 (1970).

 Focusing on the notice element, the question is then whether a hypothetical purchaser would have notice of the property transfer. Here, a hypothetical purchaser of the property would have possessed constructive notice of the foreclosure sale. This is because a Notice of Default had been recorded prior to the date of the petition. A bona fide purchaser could not have ignored the Notice of Default and failed to make inquiry as to whether a foreclosure had occurred. For this reason, the Debtor is not entitled to the status of a BFP. *See In re Young,* 156 B.R. 282 (Bankr.D.Idaho 1993)(recorded notice of default was constructive notice sufficient to preclude Chapter 13 debtor from avoiding the foreclosure sale).

## § 549

 11 U.S.C. § 549 gives a trustee the power to avoid unauthorized post-petition transfers of property of the estate.

 The Debtor urges this Court to follow the holdings of *In re Williams, In re Jewett,* and *In re Walker.*[4] In all three cases, debtors invoked 11 U.S.C. § 549 to set aside a foreclosure sale where the trustee deed had been recorded after commencement of the bankruptcy case. These cases, however, are not persuasive. As explained above, the Debtor's interests in

---

2. A Chapter 13 debtor has standing to avoid such transfers pursuant to 11 U.S.C. § 522(h). *In re Hamilton,* 125 F.3d 292 (5th Cir.1997).

3. *Buhecker v. Petersen & Sons Constr.,* 112 Nev. 1498, 1500, 929 P.2d 937 (1996)(Nevada is a race-notice jurisdiction).

4. All three cases were decided before the 1993 amendments to CAL. CIV. CODE

§ 2924h(c). Prior to 1993, the California law of deed of trust foreclosures provided merely that a trustee's sale was final upon acceptance of the last and highest bid. Case law at that time permitted a debtor to avoid the foreclosure sale if the debtor recorded the notice of filing bankruptcy before the purchaser recorded the deed. CAL. CIV. CODE § 2924h(c) was amended in 1993 to solve the problem of what happens when a bankruptcy

the Property were extinguished at the foreclosure sale, therefore § 549 does not apply. Additionally, all three cases overlook the relevance of constructive notice, which has been acknowledged by the Ninth Circuit Court of Appeals in *In re Weisman,* 5 F.3d 417, 420 (9th Cir.1993) as defeating a trustee's claim under § 544. Additionally, *Walker* is distinguishable from the case at bar in that in *Walker,* the foreclosure occurred *after* the bankruptcy petition was filed.

For the reasons stated above, this Court holds that the Debtor had no legal or equitable interest in the Property on the date of the petition. Accordingly, relief from the automatic stay is not necessary. In the present case, however, Woolman's motion to lift stay is hereby granted as that is the relief which has been requested.

**IT IS SO ORDERED.**

---

is filed after a trustee's sale is final, but before the deed is recorded. Comm. Rep. CA A.B. 1196 (1993–94 Reg. Sess.). Now, a trustee's sale is deemed perfected in California as of the date of the sale if the deed is recorded within 15 days after the sale. Nevada does not have such a provision.