**UNITED STATES v. MacEVOY et al.**
**Civ. No. 2818.**

United States District Court
D. New Jersey.
June 23, 1950.

324

Alfred E. Modarelli, U. S. Atty., Newark, N. J., for United States.

Milton, McNulty & Augelli, Jersey City, N. J., for defendants.

SMITH, District Judge.

This is a civil action under the False Claims Act, 31 U.S.C.A. § 231, to enforce the liability imposed by the Act upon those guilty of its violation. The action is before the Court at this time on the motion of the defendants, filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint and the amended complaint. The motion is resisted by the plaintiff.

## History of Litigation

This action was commenced on March 30, 1943. The complaint then filed alleged that the defendants "did unlawfully, wilfully and feloniously combine, conspire, confederate and agree together and with each other, and with other persons unknown, to defraud the United States of America, by obtaining and aiding to obtain the payment and allowances of false and fraudulent claims." This allegation followed the language of the Act. The complaint further alleged that the defendants in furtherance of the conspiracy "would submit and cause to be submitted * * * for approval, allowance and payment, billings, vouchers, invoices and claims certified to be genuine, just, true and correct, which, as the defendants well knew, included false and fraudulent vouchers, invoices and claims for the sale of building supplies, materials and tools and for the rental of equipment." The transactions upon which the claim for relief is based were recited generally but in sufficient detail to apprise the defendants of their nature.

A criminal prosecution against several of the present defendants, but not all of them, was instituted on March 30, 1943. The indictments then returned were superseded by indictments which charged the same defendants with violations of Section 35 of the Criminal Code, as amended, 18 U.S.C.A. § 80 [now §§ 287, 1001]; these indictments were returned on April 26, 1944. The defendants were tried on the latter indictments and acquitted of the charges therein contained. The verdict was returned on February 16, 1946 and a judgment thereon was duly entered. It may be assumed that the criminal charges were based upon substantially the same transactions as the present civil action.

The defendants filed motions to dismiss the original complaint and, in the alternative, for a more definite statement. These motions were filed on April 24th, 27th and May 13th, 1943, while the criminal action was still pending. Thereafter the parties to this action executed and filed a formal stipulation by which they agreed first, that the motions "be removed from the calendar of causes to be argued, subject to being reinstated by consent of the parties;" and second, that "no further proceedings * * be taken * * * until disposition of" the said motions "unless the parties otherwise stipulate." The motions were "removed from the calendar of causes to be argued" by order of the Court. The present civil action was permitted to remain in abeyance until April 21, 1949, when, the criminal action having been terminated, the plaintiff filed an amended complaint. The present motion, which is addressed to the original complaint and the amended complaint, was filed on May 6, 1949.

## Statute of Limitations

█ The motion to dismiss the amended complaint is predicated on the ground that the claims therein asserted are barred by the statute of limitations. The defendants rely on 31 U.S.C.A. § 235.[1] It is argued that the statutory provision is a limitation not only on the right of the plaintiff to maintain the present action but also on the jurisdiction of this court. We agree with this construction. United States ex rel. Nitkey v. Dawes, 7 Cir., 151 F.2d 639, certiorari denied 327 U.S. 788, 66 S.Ct. 808, 90 L.Ed. 1015; see also Damiano v. Pennsylvania R. Co., 3 Cir., 161 F.2d 534, and the cases therein cited; Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253. It is further argued that the

1. "Every such suit shall be commenced within six years from the commission of the act, and not afterward."

amended complaint introduces additional claims which are not within the scope of the claims stated in the original complaint. We cannot agree with this argument.

█ It is our opinion that the allegations of the amended complaint do not attempt to state additional claims not embraced within the general claim stated in the original complaint. The original complaint states generally a claim for relief under the pertinent provisions of the Act; the general allegations of ultimate facts are sufficient to apprise the defendants of the nature of the claim thus stated. The amended complaint adds nothing to the original complaint except the particularity which was obviously lacking in the latter; the transactions embraced within the general allegations of the latter are particularized in the allegations of the former.

It would appear that the amended complaint has been made to fulfill the purpose of a bill of particulars. The attention of the litigants is directed to the motions addressed to the original complaint and particularly to paragraph (6) of subdivision B. The request for particulars reads as follows: "List all of the claims which the plaintiff alleges these defendants obtained or aided to obtain the payment and allowance of, which claims are alleged to be false and fraudulent and which enabled defendants to obtain secret and unlawful profits, benefits and emoluments, and detail the items which are alleged to be false and fraudulent." The claims which the plaintiff alleges were false and fraudulent are listed and adequately identified in paragraphs 6 and 7 of the amended complaint. It is on the allegations of these paragraphs that the defendants rest their argument.

█ The plaintiff had a right to amend the complaint as a matter of course and without leave of the court, no responsive pleading having been filed by the defendants. Rule 15(a) of the Rules of Civil Procedure. We concede that the most liberal construction of this Rule will not permit the introduction of additional claims which have been barred by the statute of limitations, but no such attempt was here made. The transactions particularized in the amended complaint apparently arose out of and were incident to the transaction generally set forth in the original complaint. The amendment therefore "relates back to the date of the original pleading." Rule 15(c) of the Rules of Civil Procedure.

█ It should be noted that the defense of the statute of limitations may not be raised on a motion to dismiss the complaint. The defense is one which must ordinarily be pleaded in the answer. We have considered it only because it appears to be jurisdictional, as hereinabove stated. It should also be noted that this Court's decision on the question raised by this ground is predicated solely on the pleadings, the complaint and the amended complaint. The defense of the statute of limitations may, therefore, be asserted by the defendants in their answer, notwithstanding this decision. The evidence offered on the trial of the action may disclose that additional claims have been introduced by amendment of the complaint, a fact not apparent on the face of the present record.

## Defense of Res Adjudicata

██ The defendants move to dismiss the complaint and the amended complaint on the ground that the present civil action is barred by the judgment entered earlier in the criminal action. It is argued that the issues of the present controversy were adjudicated in the criminal proceeding. It seems unnecessary to discuss the question here raised. The arguments advanced by the defendants in the present case were considered and answered by the Supreme Court in Helvering v. Mitchell, 303 U.S. 391, 395, 58 S.Ct. 630, 82 L.Ed. 917, et seq., and United States ex rel. Marcus v. Hess, 317 U.S. 537, 548, 63 S.Ct. 379, 87 L.Ed. 443, et seq. It is further argued that the prosecution of the present civil action will expose the defendants to double jeopardy. This argument was also considered and answered by the Supreme Court in the case of United States ex rel. Marcus, supra, a case directly in point. The defendants attempt in their brief to distin-

guish the cited case from the present civil action; the distinction seems tenuous and we see no reason to discuss it.

### Stipulation As Discontinuance

The defendants contend that the formal stipulation filed on May 19, 1943 should be construed as a dismissal of the present action. This contention is clearly without merit. We are fully aware that Rule 41(a) (1) (ii) permits a voluntary dismissal of a pending action on a "stipulation of dismissal signed by all parties who have appeared in the action." It is our opinion, however, that a stipulation should not be construed as a "stipulation of dismissal" in the absence of an unequivocal statement by the parties that it was so intended. There is no such unequivocal statement in the stipulation in question; in fact, the word "dismissal" does not appear in either the stipulation or the order entered thereon. The apparent purpose of the stipulation was to hold the civil action in abeyance until after the criminal action had been prosecuted to conclusion; if it had any other purpose, that purpose is not apparent upon the face of the stipulation.

The defendants suggest that the filing of the amended complaint violated the terms of the stipulation. This is unimportant at this stage of the proceedings. The case has been pending in this court since 1943 and has been held in abeyance long after the termination of the criminal proceedings in 1946. This Court would have restored the case to the calendar sooner, despite the stipulation, if it had known of the apparent unreasonable delay.

### Failure of Complaint to State Claim

This ground is not argued in the brief submitted by the defendants but it is stated in the motion. We have examined the complaint and the amended complaint and it is our opinion that they meet the requirements of the Rules of Civil Procedure. The requirements of the rules are satisfied by general allegations of ultimate facts sufficient to apprise the defendant of the nature of the claim except where, as here, fraud or similar matter is pleaded; the averments of fraud must particularize the circumstances constituting fraud. The complaint clearly meets these requirements. Rules 8(a) and 9(b) of the Rules of Civil Procedure.

### Conclusion

The motion to dismiss the complaint and the amended complaint is denied. An appropriate order will be prepared by the United States Attorney and submitted to the Court on notice to the defendants. The defendants will have twenty days from the entry of the order within which to file answer, and the order shall so provide.