**VUITTON ET FILS, S.A.,
Plaintiff-Appellant,**

v.

**J. YOUNG ENTERPRISES, INC., et al.,
Defendants-Appellees.**

**No. 79–3182.**

United States Court of Appeals,
Ninth Circuit.

Dec. 26, 1979.

J. Joseph Bainton, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for plaintiff-appellant.

Joseph H. Golant, Beverly Hills, Cal., for defendants-appellees.

Before WALLACE and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Vuitton et Fils, a French Societe Anonyme (Vuitton), appeals from the district court's entry of judgment and dismissal of its complaint based upon the stipulation and order which the parties submitted to the court.

*FACTS*

Vuitton, a French manufacturer of a wide variety of luggage, ladies' handbags and other personal accessories, brought an action against J. Young Enterprises (Young) and several other named defendants, alleging trademark infringement, 15 U.S.C. § 1114, false designation of origin, and false description of goods, 15 U.S.C. § 1125, trademark dilution, California Business and Professional Code § 14330, and unfair competition. The complaint sought injunctive relief, as well as other remedies, including an award of monetary damages.

Prior to filing the complaint and an accompanying request for a temporary restraining order, counsel for Vuitton contacted defendant Young. Upon being informed of Vuitton's intention to seek a temporary restraining order, counsel for Young agreed to stipulate to the entry of injunctive orders.

*Contents of the Stipulation*

The stipulation entered into by Vuitton and Young and his business entities (the stipulation excluded defendants Beverly Young and Steven Wessler) stated that:

1. Young did not have within his possession or his control alleged trademark infringing merchandise;

2. Young did not waive any defenses with regard to merchandise bearing the "long stem Y" symbol sold by Young prior to August 30, 1978;

3. Vuitton did not stipulate to the existence or validity of any of those defenses;

4. Young agreed to turn over to Vuitton within five days all records in his possession and control which related to the purchase, sale, advertisement, offer for sale, manufacture, production, or distribution of any product bearing a copy or colorable imitation of Vuitton's registered trademark;

5. Young agreed to the taking of his deposition by Vuitton upon expedited notice;

6. Young consented to the entry of an injunctive order which would be in full force and effect until otherwise ordered by the court or agreed to by the parties and waived posting of a bond by Vuitton;

7. Vuitton waived its rights to seek a temporary restraining order against Young.

The stipulated injunction essentially restrained and enjoined Young from imitating, copying or making unauthorized use of Vuitton's registered trademark.

*District Court's Disposition of the Stipulation*

The stipulation was submitted to the district court with the caption "Stipulation

---

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

and Order." The district court, on its own motion, in handwriting thereupon added the words "For Judgment" to the caption of the stipulation. The court then signed the document and entered it as a final judgment of the matter. Judgment was entered on January 3, 1979.

*Vuitton's Subsequent Action*

On January 12, 1979, Vuitton filed a motion to alter or amend the judgment, Federal Rule of Civil Procedure rule 59(e), or in the alternative to set aside or vacate the judgment, rule 60(b). The motion was denied on February 12, 1979. Vuitton's timely notice of appeal was filed on February 21, 1979.[1]

*ISSUE*

The issue on appeal is whether the district court properly interpreted the stipulation between Vuitton and Young as being a final consent judgment that called for the dismissal of the action.

*DISCUSSION*

The district court wrote the words "For Judgment" in the caption of the stipulation and order submitted by Vuitton and Young. The court apparently believed that the parties had intended by the stipulation to dispose of the matter in its entirety. We conclude that the district court misconstrued the force and clear intent of the stipulation. We therefore reverse the court's entry of final judgment which was based upon the submitted stipulation.

*Applicable Rule*

In *United States v. MacEvoy,* 10 F.R.D. 323, 327 (D.C.N.J., 1950), civil and criminal actions were instituted against the defendants for alleged false and fraudulent claims made upon the United States. The parties executed and filed a stipulation in which they agreed to have the civil action removed from the calendar subject to being reinstated by the consent of the parties. The civil matter remained in abeyance until

the criminal action was concluded, whereupon the United States filed an amended complaint. The defendants moved for a dismissal of the original and amended complaint; one of the grounds contended was that the stipulation was an agreement to dismiss the action. The court acknowledged that Federal Rules of Civil Procedure, rule 41(a)(1)(ii) permitted voluntary dismissals upon the stipulation of all parties. However, the court was of the opinion that "a stipulation should not be construed as a 'stipulation of dismissal' in the absence of an unequivocal statement by the parties that it was so intended." *Id.* 10 F.R.D. at 327. The court found no unequivocal statement in the stipulation nor did it find the word "dismissal" anywhere in the stipulation. The court determined that the purpose of the stipulation was to hold the civil action in abeyance until the criminal trial had concluded, and "if it had any other purpose, that purpose is not apparent upon the face of the stipulation." *Id.*

We concur with the sound rationale of *MacEvoy* in ruling here that as a general rule a stipulation should not be construed as a stipulation that disposes of the entire case unless there is an unequivocal statement by the parties that it was so intended. *Id.* Also, *United States v. Transocean Air Lines, Inc.,* 356 F.2d 702, 704–705 (5th Cir. 1966). This rule does not make an unequivocal statement an absolute requirement for the total disposition of a case by stipulation. A court may examine the contents of the stipulation and the nature of the case to determine the force and effect that should be given a stipulation. However, unless it is clear from the stipulation and the nature of the case that the stipulation was intended to dispose of the entire action, a final judgment based upon the stipulation should not be entered. When in doubt the court should solicit clarification from the parties.

---

1. Though the judgment was entered on January 3, 1979, the timely filing of the motion to alter or amend the judgment under Fed.Rules of Civ-

il Procedure rule 59(e) tolled the running of the time for filing a notice of appeal. Federal Rules of Appellate Procedure rule 4(a).

*Present Case*

█ The stipulation submitted by Vuitton and Young contains no unequivocal statement that the parties intended the stipulation to act as a complete determination of all of Vuitton's claims. On its face the stipulation makes no mention of an intent to dismiss Vuitton's complaint. Thus we examine the stipulation and the complaint to determine the effect of the stipulation.

First, we observe that in agreeing to the stipulation, Young did not waive any defenses with regard to merchandise bearing the "long stem Y" symbol nor did Vuitton agree to the existence or validity of any of those defenses. The implication here is that the parties had an eye toward further litigation. Second, continued discovery was contemplated in the stipulation, which again would suggest further litigation and would be inconsistent with the notion of a final determination. More significantly, however, while the stipulation merely dealt with the injunctive order remedy, Vuitton's complaint also prayed for:

1. an award of money damages of three times the amount of Vuitton's actual damages incurred;

2. the destruction of all trademark infringing products, labels, signs, prints, packages, dies, wrappers, receptacles and advertisements.

3. an order requiring defendants to account for and pay over to Vuitton all profits realized by the defendants from their infringement and dilution of the value of Vuitton's trademark and their unfair competition against Vuitton;

4. an award of exemplary damages; and

5. an award of attorney fees.

Reviewing the stipulation and the complaint, it cannot be said that the stipulation clearly establishes an intent to dispose of the entire case. On the contrary, the reservation of defenses, the provisions for continued discovery, and the fact that the stipulation did not address the other remedies prayed for in the complaint clearly indicate that the continuation of Vuitton's action was contemplated by the parties.

*CONCLUSION*

We conclude that the district court did not properly interpret the stipulation between Vuitton and Young. Thus we reverse the district court's entry of judgment and direct reinstatement of Vuitton's complaint subject to the terms of the stipulation.

Costs are allowed to Vuitton. Vuitton's request for double costs and damages is DENIED.