MARILYN RESNICK, AL CASTALDO, MVL ENTERPRISES, INTERNATIONAL PHOTO STUDIO AND MARILEE PROPERTIES, INC., APPELLANTS, v. CAMILLO VALENTE, LEE VALENTE AND PAMELA CLIFTON, RESPONDENTS.

No. 12502

December 22, 1981 637 P.2d 1205

[Rehearing denied March 11, 1982]

*Jolley, Urga & Wirth,* Las Vegas, for Appellants.

*Foley Brothers,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondents' "Motion to Enforce Settlement Agreement" and from the

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 19; SCR 10.

judgment entered in favor of respondents pursuant to such motion.

The issue presented is whether an alleged oral settlement made by counsel may summarily be reduced to judgment upon the motion of one party without an evidentiary hearing. We hold that it may not.

On August 24, 1979, appellants' counsel accepted a settlement offer orally presented by respondents' counsel. Early the next day appellants' counsel notified opposing counsel that the settlement was not acceptable to his clients. Rather than pursue the prosecution of the pending law suit, respondents' counsel moved the court to "enforce the settlement agreement" by entering judgment thereon.

The court's granting of the motion and entry of judgment was done in violation of District Court Rule 24, then in effect. District Court Rule 24 (now DCR 16) provides as follows:

> Stipulations to be in writing or to be entered in the court minutes. No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney.

By the express terms of this rule any settlement agreement made by attorneys must be in writing or must be entered by consent in the minutes in the form of an order. Neither of these requirements was met. Consequently the claimed settlement will not be regarded and will not support the entry of judgment merely on respondents' motion to enforce settlement agreement. *See* Casentini v. Hines, 97 Nev. 186, 625 P.2d 1174 (1981) (order enforcing an oral stipulation held invalid because the stipulation which appeared in the court transcript had not been entered in the minutes in the form of an order).

Respondents contend that the cited rule is not intended to apply to all settlement agreements but merely to those arising during actual court proceedings. They argue further that any other construction would impede the reliability of out-of-court settlements, thus putting added burdens on the courts. No citation of authority is presented for this position.

The purpose of adhering to the district court rule is to prevent disputes such as this. By requiring that all settlements either be reduced to a signed writing or be entered in the court minutes following a stipulation, the court has an efficient method for determining genuine settlements and enforcing them. DCR 24, therefore, does not thwart the policy in favor

of settling disputes; instead, it enhances the reliability of actual settlements.

We are not saying that enforcement of the supposed agreement by counsel may not be accomplished in some appropriate fashion.[1] If suit on such an agreement was prosecuted, the court might consider such issues as the authority of counsel, the nature of communications between counsel and client and the existence of a meeting of minds by the parties; the court might then decide to award a judgment based on the contract of the parties. This is not the same as allowing judgment on a mere motion to enforce a settlement agreement supposedly reached by counsel during negotiations. Indeed, to allow motions of this kind to lead to judgment would result in trial by affidavit; and to enter judgment in summary proceedings on such a motion is a clear violation of District Court Rule 24.

The trial court erred in granting the motion and entering judgment in favor of respondents. The judgment is reversed and the matter remanded to the trial court for further proceedings.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.

---

[1] *See, e.g.,* Kukla v. Nat'l Distillers Prod. Co., 483 F.2d 619 (6th Cir. 1973); Hastings v. Matlock, 166 Cal.Rptr. 229 (Cal.App. 1980).

[2] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const. art. 6, § 19; SCR 10.