CECILIA TAYLOR, APPELLANT, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, RESPONDENT.

No. 21625

September 6, 1991                816 P.2d 1086

---

[2]I note that appellate counsel did not represent Lytle during trial.

*Nancyann Leeder,* Nevada Attorney for Injured Workers, Las Vegas, for Appellant.

*R. Scott Young,* General Counsel SIIS, Carson City; *William A. Zeigler,* Associate General Counsel SIIS, Las Vegas, for Respondent.

## OPINION

By the Court, BREEN, D. J.:[1]

Cecilia Taylor, a driver for Yellow Checkered Cab Co., slipped on an oily substance an struck her head at the company's place of business in Las Vegas. She filed a timely claim with SIIS and the claim was accepted. She received temporary total disability benefits ("TTD") from August, 1982 until March, 1983,

---

[1]The Honorable Peter I. Breen, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.

when Dr. Yoon examined her and released her for full duty. From then on, numerous requests to reopen her claim, medical examinations, new claims, claim denials and appeals followed. Despite her physical complaints, the doctors found no etiological basis to support SIIS benefits.

Finally, five years later, Dr. Lewin diagnosed an "L4" and "L5" nerve fiber dysfunction and reported his findings to SIIS on February 26, 1988. Surgery was performed on September 10, 1988, and confirmed that she had indeed suffered a physical impairment of her back, which had deteriorated over time.

On April 20, 1988, a few days after surgery was authorized, Ms. Taylor received a check from SIIS in the amount of $4,068.90. The face of the check confirmed that the sum compensated her for a period from July 20, 1987 to April 18, 1988. Two days after receiving the check, she filed a request disputing the average monthly wage assessment. Also, after receiving the check, but before surgery, she protested the amount of compensation represented by the check. This matter had worked its way up to the district court on petition for judicial review dated August 15, 1988.

In addition, a proceeding was instituted based on the new evidence of her medical condition. She sought to request compensation from the date her TTD benefits were terminated in March of 1983 to July, 1987, when her claim was fully reopened. A case number was assigned and a hearing pending thereon on September, 1988.

Thus on the date of signing a stipulation which is central to this case, Ms. Taylor had at least three matters in some stage of dispute with, or under consideration by, the SIIS. The stipulation in question was signed on September 9, 1988, one day prior to Ms. Taylor's injury confirming back surgery.

The pertinent portion of the stipulation, which was prepared by SIIS counsel and signed while counsel aided Ms. Taylor, reads:

5. Claimant's compensation benefits shall be based upon average monthly wage of $677.96. For the period of time when said compensation was based on an average monthly wage of $665.94 the SIIS shall pay to claimant the additional amount due based upon the $677.96 average monthly wage, without any interest or cost of living allowance.

6. Claimant agrees to and hereby does accept the previously paid sum of $4,068.90 as appropriate payment of back compensation and hereby withdraws and renounces for all time any claim to interest and/or cost of living allowance in addition to the $4,068.90.

A check was issued pursuant to the stipulation for the difference between the two wage amounts.

This appeal found its way here through one of Ms. Taylor's claims disputes. She sought a hearing on the issue of wages prior to July 20, 1987. Through channels, an appeals officer undertook the monumental task of reciting the history of the relationship between Ms. Taylor and SIIS and concluded that the foregoing stipulation covered wages for this period, and found that there were no justifiable issues and therefore denied compensation. On review, the district court affirmed the appeal officer's decision.

Ms. Taylor contends the stipulation covered only the dispute over the compensation received from July, 1987 through April, 1988, represented by the $4,068.90 payment. Conversely, SIIS contends that the stipulation covered all claims of Ms. Taylor from the date of her injury to the date of the stipulation.

A stipulation is an agreement made before a judicial tribunal which requires, as does a contract, the assent of the parties to its terms. Palmer v. City of Long Beach, 199 P.2d 952, 957 (Cal. 1948). Further, in construing a stipulation, a reviewing court may look to the language of the agreement along with the surrounding circumstances. Mann v. Fender, 587 S.W.2d 188 (Tex.Civ.App. 1979). For example, this stipulation cannot be understood without reference to Ms. Taylor's injury as well as her claims and appeals history which are not all contained in the stipulation.

The standard for review by this court is to determine whether the administrative agency decision is supported by substantial evidence. NRS 233B.135(3). No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967). Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 607 P.2d 581 (1980).

In this case, the appeals officer looked too narrowly at the language of paragraph six of the stipulation itself. When the confounding procedural history of this case is clarified, Ms. Taylor's view of the stipulation is the only correct view.

The language of the stipulation clearly supports Ms. Taylor's contention that the period between July, 1987 and July, 1988 was the only claim covered by its terms. Paragraph five amends the average monthly wage dispute and paragraph six waives interest and cost of living allowance in relation thereto. Ms. Taylor received the higher average wage and gave up interest and cost of living allowance in reference to the previously paid sum of $4,068.90.

Other paragraphs of the stipulation refer to specific claims and appeals: Hearing Nos. LV 88-2687 and 88-2949; Appeal Nos. LV 9029 and 9053. These case numbers deal with disputes about the $4,068.90 sum. The claim for the period between 1983 and

1987, although pending and given a case number, LV 9789, was not referred to in the stipulation.

The existence of an actual injury was to be ultimately confirmed by surgery one day after the signing of the stipulation and after approximately five years of dispute. However, SIIS seeks to dispose of Ms. Taylor's entire case against it prior to the date of the surgery.

Generally a stipulation should not be construed as disposing of an entire case unless there was an unequivocal statement by the parties that it was so intended. Vuitton Et Fils, S.A. v. J. Young Enterprises, Inc., 609 F.2d 1335, 1337 (9th Cir. 1979). The stipulation refers to some, but not all, of Ms. Taylor's claims. It centers around a sum paid by SIIS to Ms. Taylor for only one dispute period. The claim pertaining to the period from 1983 to July, 1987 was not referred to. In fact, it was not in focus until the surgery, one day after the signing of the stipulation. When the stipulation is read as a whole, it then becomes clear that it was not intended to dispose of Ms. Taylor's entire claim; rather, it addressed a limited period of time.

Thus, the decision of the appeals officer is not supported by substantial evidence and the district court erred in affirming the administrative tribunal. The stipulation pertained only to Ms. Taylor's claim for the period from July 20, 1987 to April 18, 1988.

The merits of the claim, in light of the surgery and back condition, have yet to be considered by SIIS and the administrative tribunals. They cannot be addressed for the first time in an appeal to this court. *See* Crane v. Continental Telephone, 105 Nev. 399, 775 P.2d 705 (1989).

The decision of the district court and appeals officer is reversed. SIIS is directed to consider Ms. Taylor's claim for compensation through July 20, 1987 on its merits.

For these reasons, we reverse and remand this matter.

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., CONCUR.