MICHAEL W. JONES; AND ANALISA A. JONES, APPELLANTS, *v.* SUNTRUST MORTGAGE, INC., RESPONDENT.

No. 57748

April 26, 2012 274 P.3d 762

*Terry J. Thomas*, Reno, for Appellants.

*Snell & Wilmer LLP* and *Leon F. Mead II, Cynthia L. Alexander*, and *Kelly H. Dove*, Las Vegas, for Respondent.

## **OPINION.**

By the Court, GIBBONS, J.:

In this appeal, we consider whether a signed agreement resulting from Nevada's Foreclosure Mediation Program (FMP) constitutes an enforceable settlement agreement. We conclude that when an agreement is reached as a result of an FMP mediation, the parties sign the agreement, and it otherwise comports with contract law principles, the agreement is enforceable under District Court Rule 16.[1] Therefore, we affirm the district court's order denying the Joneses' petition for judicial review.

### *FACTS AND PROCEDURAL HISTORY*

In 2006, appellants Michael W. Jones and Analisa A. Jones purchased a home in Sparks with a loan from Home Mortgage Direct Lenders. Home Mortgage Direct Lenders allegedly assigned the note and deed of trust to respondent SunTrust Mortgage, Inc.[2] The Joneses later defaulted on their mortgage. After receiving a notice of default and election to sell, the Joneses elected to participate in the FMP provided for in NRS 107.086.

SunTrust's attorney, the Joneses' attorney, and Mr. Jones attended the mediation in person, and a representative for SunTrust participated in the mediation by telephone. At the mediation, SunTrust produced uncertified copies of the original deed of trust, the original note, and the endorsement of the note to SunTrust.

---

[1]DCR 16 states:

> No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney.

[2]SunTrust did not provide copies of any assignments at the foreclosure mediation.

SunTrust also produced an automated valuation of the Joneses' home that an online company generated without an in-person inspection of the home. SunTrust did not submit copies of any assignments. Despite SunTrust's failure to produce any assignments or certified copies of the other documents, the parties resolved the pending foreclosure by agreeing to a short sale of the Joneses' home, if accomplished within a specified time period. The mediator's statement sets forth that the parties agreed to the following terms:

> 14 days from 11/12/10, borrower will return short-sale package of documents to lender, including listing agreement for sale of the property. On or after 1/16/2011, lender shall have the right to seek a certificate from the FMP to proceed with foreclosure regardless of the status of the pending short sale. Borrower shall still have the right to make a short sale up to the time of foreclosure[.]

SunTrust's attorney, the Joneses' attorney, and Mr. Jones all signed the mediator's statement agreeing to execute the terms of the short sale.[3]

Following the mediation, SunTrust twice mailed a short-sale package to the Joneses, but the Joneses never returned the short-sale documents and instead filed a petition for judicial review in the district court. The Joneses requested that the district court impose sanctions against SunTrust because SunTrust violated NRS 107.086 and the Foreclosure Mediation Rules (FMRs) by failing to provide the required documents and mediating in bad faith. After conducting a hearing on the petition, the district court denied the petition, finding that the Joneses entered into an enforceable short-sale agreement and therefore waived any claims under NRS 107.086 and the FMRs. The district court order allowed SunTrust to seek a certificate from the FMP to proceed with the foreclosure against the Joneses based on the terms of the short-sale agreement. This appeal followed.

## DISCUSSION

### The short-sale agreement is an enforceable settlement agreement

The Joneses argue that the short-sale agreement with SunTrust is not enforceable because the agreement lacks consideration and SunTrust failed to comply with NRS 107.086 and the FMRs.

---

[3]While Ms. Jones was not present at the mediation, the Joneses do not argue that their attorney was not authorized to bind her to the agreement. To the extent that the Joneses suggest their attorney provided incompetent representation, the Joneses waived this argument by failing to raise it before the district court. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

When reviewing whether the parties to a foreclosure mediation reached an enforceable settlement agreement, we must "defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." *May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008). We review a "district court's decision regarding the imposition of sanctions for a party's participation in the Foreclosure Mediation Program under an abuse of discretion standard." *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 468, 255 P.3d 1281, 1286 (2011).

A settlement agreement is a contract, and thus, must be supported by consideration in order to be enforceable. *May*, 121 Nev. at 672, 119 P.3d at 1257. Consideration is the exchange of a promise or performance, bargained for by the parties. *Pink v. Busch*, 100 Nev. 684, 688, 691 P.2d 456, 459 (1984) (citing Restatement (Second) of Contracts § 71(1), (2) (1981)). If the settlement agreement is reduced to a writing signed by the party that it is being enforced against, or by his or her attorney, then it is enforceable under DCR 16.[4] *See Resnick v. Valente*, 97 Nev. 615, 616-17, 637 P.2d 1205, 1206 (1981) (reversing a district court's enforcement of a settlement agreement when the agreement was not reduced to a signed writing or entered in the court minutes following a stipulation).

Substantial evidence supports the district court's finding that the mediator's statement containing the written short-sale terms, signed by all parties, including Mr. Jones and the attorney representing the Joneses, constitutes an enforceable settlement agreement. First, the short-sale agreement was supported by consideration. In exchange for the Joneses' agreement to a short sale, SunTrust agreed to suspend the foreclosure proceedings against the Joneses for two months. If the short sale was not accomplished within the two-month period, SunTrust could proceed with the foreclosure, but the Joneses maintained the right to conduct a short sale until the time of the foreclosure sale. Second, since we conclude that the district court properly found that the settlement agreement was enforceable, and the terms of the agreement allowed SunTrust to seek a certificate and pursue foreclosure if the short sale was not accomplished within a specified time, the Joneses'

---

[4]If a participant in the FMP appears at a mediation by telephone, the party must provide a copy of the settlement agreement with his or her signature to the mediator in order to ensure compliance with DCR 16.

claim that the foreclosure cannot proceed based on alleged violations of NRS 107.086 and the FMRs lacks merit. The parties expressly agreed to the foreclosure in the event that the short sale did not take place. Therefore, the district court did not abuse its discretion by refusing to impose sanctions against SunTrust. Accordingly, we affirm the district court's order.[5]

SAITTA, C.J., and DOUGLAS, CHERRY, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[5]In their opening brief, the Joneses request that this court take judicial notice of a Department of Business and Industry order, which does not involve the parties in this appeal. Also, in its answering brief, SunTrust asks this court to strike portions of the opening brief. Having considered the requests, and in light of NRAP 27(a)(1), requiring an application for an order or other relief to be made by motion, we deny both requests.