# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF TRANSPORTATION,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KENNETH C. CORY, DISTRICT JUDGE,
Respondents,

and

WYKOFF NEWBERG CORPORATION, A NEVADA CORPORATION; AND INTERNATIONAL SMELTING COMPANY, A NEVADA CORPORATION,
Real Parties in Interest.

No. 69238

**FILED**

MAR 10 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART*

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to enforce settlement in a condemnation action.

After considering the petition, briefs, and parties' oral arguments, we conclude that this court's extraordinary relief is not warranted except to remand this case to the district court for an evidentiary hearing to determine whether the additional terms in the settlement agreement were essential and therefore constituted a counter-offer.

17-08247

"Courts should not summarily enforce [or disregard] a settlement agreement, in the absence of an evidentiary hearing, where material facts concerning the existence or terms of an agreement to settle are in dispute." *Maya Swimwear Corp. v. Maya Swimwear, LLC*, 885 F. Supp. 2d 229, 234 (D. Del. 2012) (citing to *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991)). The parties disputed whether the terms of the settlement agreement were material and therefore constituted a counter-offer, and the district court determined that the settlement agreement contained added material terms without making any findings of facts or conclusions of law. Without an evidentiary hearing to resolve what the terms of the asserted settlement agreement were, and their materiality, the district court erred in summarily rejecting the motion to enforce settlement. *See May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005); *see also Jones v. SunTrust Mortg., Inc.*, 128 Nev. 188, 191, 274 P.3d 762, 764 (2012); *Grisham v. Grisham*, 128 Nev. 679, 683, 289 P.3d 230, 233 (2012) (explaining that if a settlement agreement is entered into the court minutes following stipulation or is reduced to a writing signed by the party that it is being enforced against, or by his or her attorney, then it is enforceable under District Court Rule 16). Accordingly, we

ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT

OF MANDAMUS instructing the district court to hold an evidentiary hearing to determine whether the additional terms in the settlement agreement were essential and therefore constituted a counter-offer.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:　Hon. Kenneth C. Cory, District Judge
　　　Sylvester & Polednak, Ltd.
　　　Lambrose Brown, PLLC
　　　Hejmanowski & McCrea LLC
　　　Eighth District Court Clerk