# IN THE SUPREME COURT OF THE STATE OF NEVADA

DOAN L. PHUNG,
Appellant,
vs.
THU-LE DOAN,
Respondent.

No. 69030

FILED

MAY 10 2018

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court post-judgment order granting a motion to enforce a settlement agreement, imposing sanctions, and awarding attorney fees in a divorce action. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge.

After the district court granted respondent Thu-Le Doan's motion to enforce the settlement agreement, appellant Doan L. Phung appealed. The case was transferred to the court of appeals, *see* NRAP 17(b), which affirmed in part, reversed in part, and remanded. That court concluded that: (1) the settlement agreement satisfied the requirements of DCR 16 and could be enforced; (2) that the district court did not err in sanctioning Phung; but (3) that the district court abused its discretion when it awarded attorney fees without citing the legal basis for the award or considering the factors in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969). *Phung v. Doan*, Docket No. 69030 (Order Affirming in Part, Reversing in Part and Remanding, Dec. 20, 2016). We granted Phung's petition for review, *see* NRAP 40B(f), NRAP 40B(g), and, in doing so, vacated the court of appeals' order.

Subsequent to their divorce, Dr. Doan L. Phung and Thu-Le Doan participated in mediation after disputes arose over compliance with their marital settlement agreement. The parties dispute whether mediation resulted in a full and final settlement agreement. The mediator

18-17905

had to leave directly following the mediation, and no Memorandum of Understanding was drafted and signed by the parties that day. However, the attorneys, mediator, and an assistant took corresponding notes throughout the mediation which the attorneys and mediator later testified reflected the terms discussed and agreed to by the parties. The day after mediation, attorneys for both parties signed and filed a stipulation that vacated upcoming hearings and indicated the parties had reached a "stipulated resolution of all matters." The stipulation also stated that the parties would file with the district court an order containing the terms of the settlement they had reached. The referenced order was never filed. Thu-Le then filed a motion to enforce the stipulated settlement agreement. After holding an evidentiary hearing on the matter, wherein Phung's former attorneys and the mediator testified to a full and final agreement,[1] the district court found the parties' had reached an enforceable settlement agreement. The district court incorporated the purported terms into its order, imposed sanctions on Phung if he failed to comply with the order, and granted attorney fees and costs to Thu-Le.[2] Phung appealed.

## DISCUSSION

Phung argues that the district court abused its discretion by finding there is an enforceable settlement agreement. Phung also argues the district court abused its discretion by imposing sanctions upon him and by awarding attorney fees and costs to Thu-Le.

---

[1]Phung maintained throughout his testimony that he did not agree to, or alternatively, did not remember agreeing to any of the terms of the settlement. The district court found his testimony not credible.

[2]The parties know the facts of the case and we do not recount them except as necessary to our disposition.

Supreme Court
OF
Nevada

(O) 1947A

2

*The district court did not abuse its discretion by finding an enforceable settlement agreement*

As to the settlement agreement, Phung argues that the parties did not submit a settlement agreement that complied with DCR 16 and that there was no mutual assent[3] to the terms of the agreement; therefore, the district court abused its discretion by finding an enforceable settlement agreement. We disagree.

The district court's finding that a settlement contract exists is a finding of fact, which this court will not reverse unless it is clearly erroneous or not based on substantial evidence. *May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005). "When parties to pending litigation enter into a settlement, they enter into a contract. Such a contract is subject to general principles of contract law." *Grisham v. Grisham*, 128 Nev. 679, 685, 289 P.3d 230, 234 (2012) (citing *Mack v. Estate of Mack*, 125 Nev. 80, 95, 206 P.3d 98, 108 (2009)) (internal citations omitted). A settlement agreement requires mutual assent, *see Lehrer McGovern Bovis v. Bullock Insulation*, 124 Nev. 1102, 1118, 197 P.3d 1042, 1042 (2008), to "the contract's essential terms." *Certified Fire Prot. v. Precision Constr.*, 128 Nev. 371, 378, 283 P.3d 250, 255 (2012). "Because a settlement contract is formed when the parties have agreed to its material terms . . . a party's

---

[3]The district court found Phung's testimony that he did not assent to the terms of the agreement not credible. As "[t]he weight and credibility to be given trial testimony is solely the province of the trier of fact, and a district's court's findings of fact will not be set aside unless clearly erroneous," *Locklin v. Duka*, 112 Nev. 1489, 1497, 929 P.2d 930, 935 (1996), we will not disturb that finding. Phung relies only upon his own testimony to support his argument that he was unaware of and did not agree to the settlement terms, or alternatively, agreed by mistake or fraud. His testimony contradicts that of his two former attorneys. Thus, we hold the district court did not err in finding a settlement agreement based on mutual assent.

refusal to later execute a . . . document after agreeing upon the . . . essential terms does not render the settlement agreement invalid." *May*, 121 Nev. at, 670, 119 P.3d at 1256.

DCR 16 removes the need for compliance under the Statue of Frauds; however, removal from the Statute of Frauds is not required here. "An instrument need not incorporate all the terms agreed upon, if there is 'reasonable certainty' as to the underlying contract." *Wiley v. Cook*, 94 Nev. 558, 563, 583 P.2d 1076, 1079 (1978). Rather, what is required is "*any* document or writing, formal or informal, [s]igned by the party to be charged or by his agent actually or apparently authorized thereunto." *Id.* at 563-64, 583 P.2d at 1079. The writing must include the parties, the subject matter to which the contract relates, and the "[t]he terms and conditions of all the promises constituting the contract by whom the promises are made." *Id. Id.* at 5664, 583 P.2d at 1079. "[A] statement of the substance of the agreement in general terms is sufficient . . . [a] trial court may [then] construe an ambiguity in the writing by receiving parol evidence." *Id.*

Here, the attorneys for the parties filed a signed stipulation with the court that vacated upcoming hearings, stipulated a resolution of all matters, and referenced a forthcoming memorialization of the settlement terms that the parties stated *had already been reached.* Thus, the parties submitted to the court a writing, signed by the agents of both parties, which identified the parties involved, identified that the subject of the settlement was disputes arising from the MSA, and indicated that the parties had promised complete resolution of the matter. Accordingly, where a signed, written stipulation, memorializing resolution of all pending matters was submitted to the court, we hold Phung's reliance on DCR 16 is misplaced.

Thu Le then moved to have that settlement stipulation enforced after Phung refused to sign the final document. "In construing a stipulation, a reviewing court may look to the language of the agreement

along with the surrounding circumstances." *Lehrer McGovern Bovis, Inc.*, 124 Nev. at 1118, 197 P.3d at 1042 (quoting *Taylor v. State Indus. Ins. Sys.*, 107 Nev. 595, 598, 816 P.2d 1086, 1088 (1991)). "[S]tipulations are of an inestimable value in the administration of justice, and valid stipulations are controlling and conclusive." *Id.* (alteration in original) (quoting *Second Baptist Church v. Mt. Zion Baptist Church*, 86 Nev. 164, 172, 466 P.2d 212, 217 (1970)). "A stipulation may be set aside upon a showing that it was entered into through mistake, fraud, collusion, accident or some ground of like nature. Whether a stipulation should be set aside on such grounds is generally left to the discretion of the trial court." *Citicorp Servs., Inc. v. Lee*, 99 Nev. 511, 513, 665 P.2d 265, 266-67 (1983) (internal citations removed). A court abuses its discretion by relieving a party of its obligation under a stipulation and, in doing so, effectively imposing upon the other party the harm resulting from the reneging party's dereliction. *Id.* at 513, 665 P.2d at 267.

Here, there is substantial evidence the parties had reached a full and final agreement on all material terms during mediation, that the signed stipulation memorialized the fact that the parties' had agreed to settle, that vacating future hearings was reliance on that agreement, and that the stipulation was not entered into through mistake, fraud, collusion, accident or some ground of like nature. As such, the district court did not abuse its discretion by refusing to set aside the parties' stipulation and, after holding an evidentiary hearing, finding an enforceable settlement contract on all material terms. In fact, relieving Phung of his stipulated agreement, and thereby imposing on Thu-Le a continuation of the harm caused by Phung's dereliction under the parties' marital settlement agreement, may have been an abuse of discretion in its own right. Accordingly, we decline to reverse the district court's decision.

*The district court abused its discretion regarding the award of sanctions*

A court may impose upon a party reasonable sanctions when a party "[f]ails or refuses to comply with any order of a judge of the court." EDCR 7.60(b)(5). However, the sanctions here were inappropriate to address Phung's anticipated failure to comply with a contract.[4] While the record reveals the district court likely ordered this penalty in an effort to compel Phung to comply with its order and to admonish Phung for reneging on the settlement agreement, the order is unclear and, in effect, the sanctions amount to a liquidated damages award for an anticipated failure to perform on the negotiated agreement. The record does not reflect that the parties agreed to such a clause in their settlement. Thus, we reverse the district court's imposition of the $1,000 daily sanction for abuse of discretion. *Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 249, 235 P.3d 592, 596 (2010). While sanctions may be appropriate in this matter on remand should Phung refuse to comply with the district court's order, imposing sanctions that appear to be a penalty for a future failure to perform on a contract is not warranted. *See* NRS 42.005.

*The district court abused its discretion regarding the award of attorney fees*

We conclude that the district court abused its discretion by awarding Thu-Le attorney fees because it failed to identify the legal basis

---

[4]The order reads

> Should the Defendant fail to pay the total amount of $764,886.98, to Plaintiff's counsel by October 31, 2015, an additional $1,000 per day shall start to accrue on November 1, 2015, and thereafter until all monies that remain unpaid are paid. The $1,000 per day penalty shall be in lieu of interest that could otherwise accrue.

Supreme Court
OF
Nevada

(O) 1947A

6

for the award or determine if the fee award was reasonable. *See Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005). Further, district courts must consider the factors established in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), before awarding attorney fees. *See Miller*, 121 Nev. at 623, 119 P.3d at 729.[5] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Sandra L. Pomrenze, District Judge, Family Court Division
      Ara H. Shirinian, Settlement Judge
      Lewis Roca Rothgerber Christie LLP/Las Vegas
      Michael R. Mushkin & Associates, P.C.
      Willick Law Group
      Eighth District Court Clerk

---

[5]We have considered all other arguments and conclude that they are unpersuasive.

SUPREME COURT
OF
NEVADA

(O) 1947A

7

HARDESTY, J., with whom, PARRAGUIRRE, J., and STIGLICH, J., agree, concurring in part and dissenting in part:

I concur in the majority's reversal of the imposition of sanctions and award of attorney fees. I respectfully dissent, however, to the majority's assertion that the parties' Stipulation and Order to Vacate Future Hearings met the Statute of Frauds, thus excusing the requirement to satisfy DCR 16. Instead, the majority holds that the stipulation in this case that does not include one term, let alone material terms, of an agreement meets the requirements of DCR 16. The parties attended mediation, but due to a scheduling conflict, the mediator had to leave early and did not draft a Memorandum of Understanding. Rather, on the day following mediation, the parties' counsel submitted a stipulation stating that they agreed to vacate the future trial and hearings that were scheduled, and that they had reached a resolution of all matters and would submit a separate order outlining the terms of that resolution in the future. However, it is undisputed that no writing or order setting forth the material terms of the settlement was ever filed with the district court or signed by the parties.

In an effort to justify the result in this case, the majority relies on *Wiley v. Cook*, 94 Nev. 558, 583 P.2d 1076 (1978), a case involving a dispute over a leasehold agreement that does not implicate or reference DCR 16, for its statement of the Statute of Frauds. *Majority*, ante at 4. In doing so, the majority misstates the holding in *Grisham v. Grisham*, 128 Nev. 679, 289 P.3d 230 (2012). In *Grisham*, this court explained that compliance with DCR 16 removes a settlement agreement from the requirements of the Statute of Frauds. 128 Nev. at 686, 289 P.3d at 235. Contrary to the majority's assertion, this court made clear that DCR 16 is not a substitute for the Statute of Frauds. *See id.* at 684-85, 289 P.3d at

234 (stating that "'[a] stipulated judgment made in open court is not within the statute of frauds even though its subject matter [is] real property'" (quoting *Matter of Estate of Eberle*, 505 N.W.2d 767, 771 (S.D. 1993) (second alteration in original) and noting that "'[t]he Statute of Frauds has no application to an "in-court" settlement stipulation'" (quoting *Thomas v. Thomas*, 449 N.E.2d 478, 484 (Ohio Ct. App. 1982)). At a minimum, *Grisham* requires that the terms of an oral agreement be placed on the record. *See id.* at 686, 289 P.3d at 235 ("While recorded testimony has no signature, a signature's only purpose is authentication, and this is amply supplied in the case of an admission in court.") (internal quotation marks omitted)). In this case, unlike in *Grisham*, none of the terms of the purported settlement agreement were placed on the record. Moreover, there was no writing describing the material terms. Nevertheless, the majority concludes, without authority, that "removal from the Statute of Frauds is not required here." *Majority*, ante at 4.

I disagree.

> DCR 16 states:
>
> No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney.

As we explained in *Resnick v. Valente*, "[b]y the express terms of this rule *any settlement agreement* made by attorneys *must be in writing* or must be entered by consent in the minutes in the form of an order." 97 Nev. 615, 616, 637 P.2d 1205, 1206 (1981) (emphasis added). In this case, it is undisputed that neither party signed any document that specified the terms of the settlement agreement. Rather, because there is no written

agreement regarding the terms of settlement, the district court and the majority focus on the stipulation signed by their counsel after the mediation, that stated:

> The WILLICK LAW GROUP, counsel for Plaintiff, and STANDISH NAIMI LAW GROUP, counsel for Defendant, do hereby stipulate and agree to the following:
>
> **IT IS HEREBY STIPULATED AND AGREED** that the Trial hearing currently set on calendar in the above entitled court on March 20, 2015, at 9:00 a.m., be vacated.
>
> **IT IS FURTHER STIPULATED AND AGREED** that the hearing currently set on calendar to hear the *Defendant's Motion to Enforce the Decree of Divorce, for an Order to Show Cause, for Contempt, for Attorney's Fees and Costs and Related Relief* and Plaintiff's *Countermotion for Sanctions and for Attorney's Fees and Costs* in the above entitled court on March 24, 2015, at 11:00 a.m., be vacated.
>
> **IT IS FURTHER STIPULATED AND AGREED** that the parties have come to a stipulated resolution of all matters and shall submit a separate *Order* to the court reflecting the terms of settlement that they have come to.

As the majority points out, the order setting forth the terms of the settlement agreement was never signed or filed, leaving the only signed document to be the stipulation vacating the upcoming hearings and informing the court of an anticipated order to be prepared. The majority makes no attempt to explain how this stipulation meets the requirements of DCR 16 and *Resnick*.

"Because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Whether a

SUPREME COURT
OF
NEVADA

(O) 1947A

contract exists is a question of fact for the district court to determine, and we will defer to the district court unless the district court's findings "are clearly erroneous or not based on substantial evidence." *Id.* at 672-73, 119 P.3d at 1257. But "[a] valid contract cannot exist when material terms are lacking or are insufficiently certain and definite." *Id.* at 672, 119 P.3d at 1257. "In the case of a settlement agreement, a court cannot compel compliance when material terms remain uncertain." *Id.* Thus, *"[i]n addition to complying with DCR 16's procedural requirements*, a stipulated settlement agreement requires mutual assent . . . or a meeting of the minds . . . on the contract's essential terms." *Grisham v. Grisham*, 128 Nev. 679, 685, 289 P.3d 230, 234-35 (2012) (internal quotation marks and citations omitted) (emphasis added).

Therefore, even if the district court correctly determined that there was sufficient evidence that the parties orally agreed to the material terms, the failure to comply with DCR 16 precludes enforcement of the agreement because both aspects must be satisfied to have an enforceable settlement agreement. *See id.*; *Resnick*, 97 Nev. at 616, 637 P.2d at 1206. The Stipulation and Order to Vacate Future Hearings contained no material terms of the settlement agreement. In fact, it contained no terms at all. In the absence of a "separate *Order* . . . reflecting the terms of settlement," as referenced in the stipulation, or any other document signed by the parties that reflected their mutual assent to the material terms of

the parties' settlement agreement, no valid contract existed. Accordingly, I would reverse the district court's order determining that the settlement agreement is valid.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich