IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| INTERNATIONAL SMELTING COMPANY, A NEVADA CORPORATION, AS TO AN UNDIVIDED SIXTEEN PERCENT (16%) INTEREST; AND WYKOFF NEWBERG CORPORATION, A NEVADA CORPORATION, AS TO AN UNDIVIDED EIGHTY-FOUR PERCENT (84%) INTEREST, Appellants, vs. THE STATE OF NEVADA, DEPARTMENT OF TRANSPORTATION, Respondent. | No. 75529 |

FILED

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appellants International Smelting Company and Wykoff Newberg Corporation (collectively, Wykoff) appeal from the final judgment in a condemnation action. Eighth Judicial District Court, Clark County; David M. Jones, Judge. The district court entered judgment in favor of respondent Nevada Department of Transportation (NDOT) based on its finding that the parties reached an enforceable settlement agreement. Because the record supports the district court's finding, we affirm.

"A settlement agreement is a contract," *Jones v. SunTrust Mortg., Inc.*, 128 Nev. 188, 191, 274 P.3d 762, 764 (2012), the enforceability of which is governed by contract law principles, *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). An enforceable contract requires "an offer and acceptance, meeting of the minds, and consideration." *May*, 121 Nev. at 672, 119 P.3d at 1257. "In the case of a settlement agreement, a

court cannot compel compliance when material terms remain uncertain." *Id.* However, a settlement agreement is enforceable "when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later." *Id.* A district court's finding that a valid settlement exists represents a finding of fact to which a reviewing court will defer, unless the district court's finding is clearly erroneous or not supported by substantial evidence. *Id.* at 672-73, 119 P.3d at 1257; *see also Pink v. Busch*, 100 Nev. 684, 688, 691 P.2d 456, 459 (1984) ("Where there is no evidence in support of the [district] court's findings, they are clearly erroneous and may be reversed.").

By the time parties exchanged emails about settlement, the district court had concluded that the sole issue remaining for trial was the amount of just compensation for the condemnation. Given this context, the only material terms of the agreement were NDOT's promise to pay $2.99 million in exchange for Wykoff's full release of their claim for just compensation. The district court concluded that there were no additional material terms, and that the subsequent draft agreement was not a repudiation or counteroffer. The court also concluded that the parties' subsequent course of conduct indicated their mutual understanding that they had reached an enforceable settlement.

The record supports the district court's conclusions, including that the parties reached an enforceable settlement agreement. Wykoff's arguments to the contrary are therefore unavailing, particularly because this court defers to the district court on questions of fact. As a result of the settlement, the substantive issues presented are resolved. *See* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533.2 (2019) ("A settlement of all claims among all

parties . . . removes the necessary element of adversariness and moots the action."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:　Hon. David M. Jones, District Judge
　　　A.M. Santos Law, Chtd.
　　　Law Offices of Byron Thomas
　　　Attorney General/Transportation Division/Carson City
　　　Attorney General/Transportation Division/Las Vegas
　　　Sylvester & Polednak, Ltd.
　　　Eighth Judicial District Court Clerk